UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JAMES R. SHORT, | ) | |
| 30 Harlan Trace | ) | |
| Berlin, MD 21811 | ) | C.A. No._____ |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES | ) | |
| ARMY CORPS OF ENGINEERS, | ) | |
| US Army Engineer District, Baltimore | ) | |
| City Crescent Building | ) | |
| 10 South Howard Street | ) | |
| Baltimore, MD 21201 | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

1.     This action is brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq.* to compel the production of documents relating to a pending application for a wetlands jurisdictional determination for a parcel of real property in Berlin, Maryland.

**JURISDICTION**

2.     This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B).

3.     Venue is proper in this Court under 5 U.S.C. § 552(a)(4)(B) because this is a civil action in which the Defendant is an agency of the United States Government acting in an official capacity. The headquarters for the U.S. Army Corps of Engineers is located in the District of Columbia.

**PARTIES**

4.     Plaintiff James R. Short is an individual residing at 30 Harlan Trace Berlin, Maryland 21811, and is the owner of a certain parcel of real property located at Ocean Pines Section 15B Lot 64 (Tax Map 21-Parcel 68) in Worcester County, Maryland (the "Property").

5.     Defendant United States Army Corps of Engineers (the "Corps") is an agency of the United States government, and is thereby subject to FOIA under 5 U.S.C. § 552(f)(1).

**FACTS**

6.     On November 13, 1995, the Corps approved a delineation of wetlands boundaries on the Property (the "1995 Delineation").   On information and belief, the 1995 Delineation was not conducted in conformance with Corps' own policy - the 1987 Corps of Engineers Wetland Delineation Manual.  The 1995 Delineation overstated the amount of wetlands located within the Property and reduced the buildable footprint of the Property.

7.     On October 8, 2002, Mr. Short's consultants prepared a Wetland Delineation Report (the "Report") in connection with Mr. Short's efforts to build a single-family home on the Property. See Exhibit "1".

8.     On October 8, 2002, Mr. Short submitted the Report - along with a request for a Jurisdictional Determination of the wetlands' boundaries on the Property (the "Application") - to the Maryland Department of Environment ("MDOE"). See Exhibit "2".

4198593                                              2

9.    On October 11, 2002, the MDOE forwarded the Application to the Corps' Baltimore District. See Exhibit "3".

10.    As of the date of this Complaint, the Corps has not undertaken any action whatsoever to respond to the Application.

11.    By letter dated March 14, 2003, Mr. Short's consultant submitted additional documentation to the Corps for its consideration in conjunction with the Application. See Exhibit "4". The Corps failed to issue a written response to this letter.

12.    By letter dated February 10, 2004, Mr. Short's counsel inquired into the status of the Application. See Exhibit "5". The Corps failed to issue a written response to this letter.

13.    By letter dated January 16, 2007 Mr. Short requested from the Corps "all documents in the possession, custody or control of the Corps with respect to the [Property], including but not limited to any and all wetlands delineations, conservation easements, correspondence generated by the Corps in response to the JD application, and any internal memorandum or other documents generated by the Corps in connection with the JD application" (the "FOIA Request"). See Exhibit "6".

14.    By letter dated February 1, 2007, the Corps' FOIA officer acknowledged receipt of the FOIA Request, assigned it control number FOIA 07-021, and stated that the Corps had made a "preliminary determination" to grant the FOIA Request. See Exhibit "7".

15.    By letter dated February 14, 2007 Mr. Short's counsel again inquired into the status of the Application. See Exhibit "8". The Corps did not respond to this letter.

16.    By email dated March 8, 2007, Mr. Short's counsel again inquired into the status of the FOIA Request.  <u>See</u> Exhibit "9".

17.    By email dated April 4, 2007, the Corps' FOIA officer responded to the March 8th email and stated that: he was out of the office for a three-day training seminar; he had received numerous other FOIA requests; and it appeared that the records holder did not receive his memo requesting the documents.  Per a subsequent email of the same date, the Corps' FOIA officer stated that the time in which the Corps would respond to the FOIA Request was dependent upon the volume of the records that may be responsive to the FOIA Request, and the workload of the office, but that he "hoped" to produce the records in "a month to a month and a half."  <u>See</u> Exhibit "9".

18.    Under 5 U.S.C. § 552(a)(6)(a)(i), the Corps had twenty (20) working days to respond to Mr. Short's January 16, 2007 request.  More than 20 working days has passed and Mr. Short has not received a final determination from the Corps concerning his FOIA Request, nor has the Corps produced any documents in response to the FOIA Request.

19.    Due to the Corps' failure to render a decision on the Application, for the past five years, Mr. Short has been unable to market the Property to its full potential.  He seeks and requires urgently the requested records in order to proceed with his plans to develop the Property.

20.    Mr. Short is directly and adversely affected by the Corps' refusal to provide records in a timely manner in response to his FOIA Request.

21.    In the five years since submission of the Application, Mr. Short has been required to expend extraordinary costs for legal services to obtain the requested records and to prosecute this action.

## CAUSE OF ACTION

22.    Plaintiff re-alleges the allegations of the foregoing paragraphs which are incorporated herein by reference.

23.    Under 5 U.S.C. § 552 (a)(6)(C)(i), Mr. Short is deemed to have exhausted his administrative remedies because the Corps failed to adhere to the appropriate time limit within 5 U.S.C. § 552(a)(6) to produce the requested records.

24.    Under 5 U.S.C. §552(a)(3), Mr. Short has a right of access to the requested records, and the Corps has no legal basis to withhold such records.

25.    The records requested by Mr. Short are not within any exception to the Corps' duties to produce the records under FOIA.  See 5 U.S.C. § 552(b).

26.    The Corps has not demonstrated that exceptional circumstances exist that would otherwise excuse it from complying with the 20-day statutory time period to product the requested records.  See 5 U.S.C. § 552(a)(6)(C)(i).  Delays due to predictable agency workload do not warrant extending the 20-day time period.  See 5 U.S.C. § 552 (a)(6)(C)(ii).

27.    By failing to provide Mr. Short with copies of the requested records, the Corps denied Mr. Short's statutory right of access to this information under FOIA.

28.    Unless enjoined by this Court, the Corps will continue to violate Mr. Short's right to the requested information under FOIA.

29.    Mr. Short is entitled to reasonable fees and costs of litigation, including attorneys' fees and costs, pursuant to 5 U.S.C. §552(a)(4)(E).

## CLAIMS FOR RELIEF

WHEREFORE, Plaintiff prays that this Court:

A. Declare that defendant's failure to produce the records requested by plaintiff is unlawful;

B. Order defendant to promptly provide plaintiff with copies of all requested documents without charge;

C. Award plaintiff its costs and reasonable attorneys' fees pursuant to 5 U.S.C. § 552(a)(4)(E); and

D. Grant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Dated:

Joseph J. McGovern, Esquire
(D.C. Bar No. 936609)
OBERMAYER REBMANN MAXWELL &
HIPPEL LLP
1617 John F. Kennedy Boulevard
Philadelphia, PA 19103
Telephone:  (215) 665-3000
Fax:  (215) 665-3165

Attorney for James R. Short, Plaintiff

**EXHIBIT "1"**

# Wetland Delineation Report

# For Ocean Pines Section 15B Lot 64

# Tax Map 21 - Parcel 68

# Worcester County, Maryland

### October 8, 2002

*Prepared For:*

Robert J. Short
30 Harlan Trace
Berlin, Maryland 21811
(410) 641-8591

*Prepared By:*

D&D Civil and Environmental
Engineering, Inc.
P.O. Box 3353
Ocean City, Maryland 21843
Phone: (410) 208-0282

Atlantic Resource Management, Inc.
3 Division Street
Onancock, Virginia 23417
Phone: (757) 789-3383

*Submitted By:*

Nicholas DeGennaro, Ph.D., PE
D&D Civil and Environmental Engineering, Inc.

Kenneth W. Redinger, President
Atlantic Resource Management, Inc.

# Wetland Delineation Report
# Ocean Pines Section 15B Lot 64
# Worcester County, Maryland
# Applicant: Robert J. Short

## TABLE OF CONTENTS

INTRODUCTION ........................................................................... 1

SITE CHARACTERIZATION ......................................................... 1

INVESTIGATION METHODS ......................................................... 1

INVESTIGATION RESULTS ........................................................... 2

SUMMARY AND CONCLUSIONS ................................................... 3

## APPENDICES

A. Site Maps

    Figure 1: Vicinity Map

    Figure 2: U.S.G.S. Quadrangle

    Figure 3: Soil Survey

B. Wetland Data Sheets

C. Site Photos

# INTRODUCTION

The applicant, Robert J. Short, has retained Atlantic Resource Management, Inc. and D&D Civil and Environmental Engineering, Inc. to delineate jurisdictional wetlands within Lot 64 of Section 15B of the Ocean Pines subdivision (Parcel 68 - Tax Map 21), in Worcester County, Maryland. The parcel is located on the northeast corner of the intersection of Port Arthur Court and Ocean Parkway within Ocean Pines (Vicinity Map, Figure 1, Appendix "A"). The development of a single-family home with attendant features is proposed.

# SITE CHARACTERIZATION

**LAND USE:** The 30,853 square foot parcel consists of mid-succession pine and mixed hardwood forest. The parcel borders an unnamed canal off Manklin Creek. Adjacent land use is residential development.

**TOPOGRAPHY AND HYDROLOGY:** The U.S. Geological Survey Berlin quadrangle (7.5-minute series) identifies site elevations of less than 5 feet above sea level, which generally decrease northward to the canal (Figure 2, Appendix "A"). Fill material is present in the northeastern portion of the site, allowing for a 2 feet rise in elevation where present. An excavated ditch, with no hydrologic connections to the adjacent canal, is present in the southern portion of the site.

**SOILS:** Sheet 11 of the Soil Survey of Worcester County, Maryland identifies poorly drained Fallsington sandy loam (Fa) within the subject parcel. The Fallsington series is present on the Natural Resource Conservation Service list of hydric soils.

**100-YEAR FLOODPLAINS:** As identified on the Federal Emergency Management Agency's (FEMA) Flood Insurance Rate Map Number 240083 0025 A (February 15, 1979), the parcel is located within Flood Zone "A7" (areas of special flood hazard, inundated by 100-year flood).

# INVESTIGATION METHODS

A routine level field investigation was conducted on August 7, 2002 by Kenneth W. Redinger of Atlantic Resource Management, Inc. to delineate wetlands for the purpose of Section 404 of the Clean Water Act. The investigation was conducted in accordance with techniques and criteria provided in the 1987 Corps of Engineers Wetland Delineation Manual (in conjunction with regulatory guidance letters released on October 7, 1991, and March 6, 1992) and the Code of Maryland Regulations Title 26, Subtitles 23 and 24. Information regarding vegetation, hydrology, and soils was recorded on Routine Wetland Determination Data Forms (Appendix "B"). Wetland boundaries were identified in the field with consecutively numbered pink pin flags, and surveyed by Frank G. Lynch, Jr. and Associates, Inc. (Wetland Delineation Plan, dated August 29, 2002 and revised September 27, 2002, attached). Vegetation communities were characterized using a 5-stratum approach, with tree, sapling, shrub, woody vine, and herbaceous species recorded in descending order of abundance. Visual estimates of abundance and canopy position were taken at each sampling point, with individuals in discernible view of plot center considered. The wetland indicator status of plant species was confirmed using the 1988 National List Of Plant Species That Occur In Wetlands: Northeast (Region 1). The hydrology parameter was evaluated by visual observation of inundation and/or soil saturation during the field investigation. Soil descriptions were taken at each sampling point using a 3.25-inch diameter hand bucket auger. Information regarding soil horizon depth, matrix color, redoximorphic features, and texture was recorded. Soil colors were determined using the Munsell Color Chart (2000). Soils were described in accordance with criteria found in the U.S. Department of Agriculture Soil Survey Manual (1993).

1

## INVESTIGATION RESULTS

A total of 4,299 square feet of forested non-tidal wetlands were identified within the 30,853 square foot parcel. The remaining 26,554 square feet were classified as uplands. Three representative data points were taken to describe existing site conditions (Appendix "B"). Data Point 1 describes wetlands, and Data Points 2 and 3 describe uplands. Final authority as to the accuracy of this delineation and the jurisdictional status of wetlands within the parcel rests with the Baltimore District U.S. Army Corps of Engineers.

## WETLANDS (Data Point 1)

Wetlands identified during the investigation were characterized by the presence of a hydrophytic vegetation community, evidence of seasonal inundation, and hydric soils. A dense stand of *Phragmites* dominates the central portion of the non-tidal wetland depression, with woody vegetation limited to a narrow fringe along the wetland/upland boundary (Photo 1, Appendix "C"). Dominant canopy species include loblolly pine (*Pinus taeda*, FAC-), red maple (*Acer rubrum*, FAC), and sweet gum (*Liquidamber styraciflua*, FAC). Common understory species include red maple, sweet gum, black gum (*Nyssa sylvatica*, FAC), bayberry (*Myrica pennsylvatica*, FAC), high-tide bush (*Baccharis halimifolia*, FACW), and poison ivy (*Toxicodendron radicans*, FAC). Herbaceous species include phragmites (*Phragmites spp.*, FACW), swamp smartweed (*Polygonum hydropiperoides*, OBL), switchgrass (*Panicum virgatum*, FAC), virginia wild rye (*Elymus virginicus*, FACW-), and American germander (*Teucrium canadense*, FACW-). The hydrophytic vegetation parameter was confirmed by 93% (13/14) of the plant species present having a wetland indicator status of FAC, FACW, or OBL.

Depth to groundwater was 52 inches from the surface during the investigation. Evidence of seasonal inundation was observed throughout.

The hydric soil parameter was confirmed by the presence of a low chroma matrix (10YR 6/1) with redox concentrations (7.5YR 5/8) immediately beneath the "A" horizon. These soils are similar to the poorly drained Fallsington series, as identified in the soil survey.

Wetland line "A" on the attached site plan depicts tidal wetland limits, and the northern property boundary adjacent to the canal (Photo 2, Appendix "C"). At high tide, water levels within the canal were approximately 12 inches below the plane of the adjacent soil surface.

## UPLANDS (Data Points 2 and 3)

Approximately 26,554 square feet of the subject parcel was classified as uplands. While a FAC dominated vegetation community was present in these areas, no evidence of wetland hydrology or hydric soils was observed.

Data Point 2 represents pine and mixed hardwood forest in the western portion of the site. Dominant canopy species are loblolly pine, red maple, sweet gum, and black cherry (*Prunus serotina*, FACU), (Photo 3, Appendix "C"). Common understory species include sweet gum, black cherry, red maple, bayberry, poison ivy and common green briar (*Smilax rotundifolia*, FAC). The hydrophytic vegetation parameter was confirmed by 70% (7/10) of the species present having a wetland indicator status of OBL, FACW, or FAC.

Groundwater levels were greater than 62 inches from the surface during the investigations. The relative landscape position is a broad backslope and an upper toe slope. No evidence of wetland hydrology was observed.

Based on morphological interpretations, depth to seasonal saturation is 19 inches or greater. No hydric soil indicators were present in the top 18 inches of the profile. Soils are moderately well drained, and similar to the Woodstown series.

Approximately 70 linear feet of drainage ditch is located in the southern portion of the site. This drainage feature is constructed through uplands and has no surface water connections to the adjacent canal.

Data Point 3 represents pine and mixed hardwood forest in the northeastern portion of the site (Photo 4, Appendix "C"). These uplands are isolated from the remaining parcel by the non-tidal wetland depression. Dominant canopy species are loblolly pine, red maple, sweet gum, and eastern red cedar (*Juniperus virginiana*, FACU). Common understory species include red maple, sweet gum, black cherry, sassafras (*Sassafras albidum*, FACU-), and bayberry. The understory is sparse throughout. The hydrophytic vegetation parameter was confirmed by 56% (5/9) of the species present having a wetland indicator status of OBL, FACW, or FAC.

Groundwater levels were greater than 62 inches from the surface during the investigations. No evidence of wetland hydrology was observed.

Approximately 2 feet of fill material is present in the northeastern portion of the site. Based on the age of existing forest cover, fill placement occurred at least 25 years prior to the current investigation. Soils beneath the fill material are similar to poorly drained Fallsington sandy loam, as identified in the soil survey.

## SUMMARY AND CONCLUSIONS

A total of 4,299 square feet of forested non-tidal wetlands were identified within the 30,853 square foot parcel. The remaining 26,554 square feet were classified as uplands.

Wetlands identified during the investigation were characterized by the presence of a hydrophytic vegetation community, evidence of seasonal inundation, and hydric soils.

While a FAC dominated vegetation community is present within areas classified as uplands, no evidence of wetland hydrology or hydric soils was observed.

The drainage ditch located in the southern portion of the site is a manmade feature constructed through uplands, with no surface water connections to the adjacent canal, and is therefore not regulated under section 404 of the Clean Water Act.

Final authority as to the accuracy of this delineation and the jurisdictional status of wetlands within the parcel rests with the Baltimore District U.S. Army Corps of Engineers.



**FIGURE 1 – VICINITY MAP**
**Ocean Pines Section 15B Lot 64**
**Tax Map 21 – Parcel 68**
**Worcester County, Maryland**
**Applicant: Robert J. Short**



# APPENDIX "B"

## Field Data Sheets

*Ocean Pines Section 15B Lot 64*

*Tax Map 21 - Parcel 68, Worcester County, Maryland*

*Applicant: Robert J. Short*

**DATA FORM**
**ROUTINE WETLAND DETERMINATION**
(1987 COE Wetlands Delineation Manual)

Project/Site: OCEAN PINES SECTION 15B LOT 64
Applicant/Owner: ROBERT J. SHORT
Investigator: K.W. REDINGER / ARM, INC.

Date: 8/7/02
County: WORCESTER
State: MARYLAND

Do Normal Circumstances exist on the site? Yes / No — (Yes)
Is the site significantly disturbed (Atypical Situation)? Yes / (No)
Is the area a potential Problem Area? Yes / (No)
(If needed, explain on reverse.)

Community ID: WETLANDS
Transect ID:
Plot ID: 1

## VEGETATION

| Dominant Plant Species | Stratum | Indicator |  | Dominant Plant Species | Stratum | Indicator |
|---|---|---|---|---|---|---|
| 1. LOBLOLLY PINE | T | FAC- |  | 9. POISON IVY | WV | FAC |
| 2. RED MAPLE | T | FAC |  | 10. P. HYDROPIPEROIDES | H | OBL |
| 3. SWEET GUM | T | FAC |  | 11. PANICUM VIRGATUM | H | FAC |
| 4. RED MAPLE | SA | FAC |  | 12. ELYMUS VIRGINICUS | H | FACW- |
| 5. SWEETGUM | SA | FAC |  | 13. TEUCRIUM CANADENSE | H | FACW- |
| 6. BLACK GUM | SA | FAC |  | 14. PHRAGMITES | H | FACW |
| 7. BAY BERRY | SH | FAC |  | 15. |  |  |
| 8. BACCHARIS | SH | FACW |  | 16. |  |  |

Percent of Dominant Species that are OBL, FACW or FAC (excluding FAC-). 93% (13/14)

Remarks: CENTRAL AREA DOMINATED BY PHRAGMITES WITH WOODY VEG LIMITED TO WETLAND/UPLAND BOUNDARY

## HYDROLOGY

___ Recorded Data (Describe in Remarks):
___ Stream, Lake, or Tide Gauge
___ Aerial Photographs
___ Other
X No Recorded Data Available

Field Observations:
Depth of Surface Water: Ø (in.)
Depth to Free Water in Pit: 52 (in.)
Depth to Saturated Soil: 44 (in.)

Wetland Hydrology Indicators:
Primary Indicators:
___ Inundated
___ Saturated in Upper 12 Inches
___ Water Marks
___ Drift Lines
___ Sediment Deposits
___ Drainage Patterns in Wetlands
Secondary Indicators (2 or more required):
___ Oxidized Root Channels in Upper 12 Inches
X Water-Stained Leaves
X Local Soil Survey Data
X FAC-Neutral Test
___ Other (Explain in Remarks)

Remarks: EVIDENCE OF SEASONAL INUNDATION THROUGHOUT. LANDSCAPE POSITION TOE SLOPE/DEPRESSION

SOILS *DSP #1 - WETLANDS*

| | |
|---|---|
| Map Unit Name (Series and Phase): *FALLSINGTON SANDY LOAM* | Drainage Class: *PD* |
| Taxonomy (Subgroup): *TYPIC OCHRAQULT* | Field Observations Confirm Mapped Type? (Yes) No |

**Profile Description:**

| Depth (inches) | Horizon | Matrix Color (Munsell Moist) | Mottle Colors (Munsell Moist) | Mottle Abundance/Contrast | Texture, Concretions, Structure, etc. |
|---|---|---|---|---|---|
| 0-7 | A | 10YR 4/1 | 5YR 5/8 | F-C1D | SL |
| 7-16 | Bg | 10YR 6/1 | 7.5YR 5/8 | C2P | SL |
| 16-23 | BCg | 2.5Y 6/1 | 7.5YR 5/8 / 5YR5/8 | M2P / C1P | SCL |
| 23-30 | Cg1 | 2.5Y 7/1 | NONE | NONE | LS |
| 30-36 | Cg2 | 2.5Y 7/1 | 7.5YR 5/8 | M3P | LS |
| 36-41 | 2BCg | 2.5Y 5/1 | NONE | NONE | SCL |

**Hydric Soil Indicators:**

___ Histosol
___ Histic Epipedon
___ Sulfidic Odor
___ Aquic Moisture Regime
___ Reducing Conditions
_X_ Gleyed or Low-Chroma Colors

___ Concretions
___ High Organic Content in Surface Layer in Sandy Soils
___ Organic Streaking in Sandy Soils
_X_ Listed on Local Hydric Soils List
_X_ Listed on National Hydric Soils List
___ Other (Explain in Remarks)

Remarks: *HYDRIC SOIL INDICATORS CONFIRMED*

## WETLAND DETERMINATION

| | |
|---|---|
| Hydrophytic Vegetation Present? (Yes) No (Circle) | |
| Wetland Hydrology Present? (Yes) No | (Circle) |
| Hydric Soils Present? (Yes) No | Is this Sampling Point Within a Wetland? (Yes) No |

Remarks:

*NON-TIDAL WETLAND DEPRESSION IN EASTERN PORTION OF SITE, DOMINATED BY PHRAGMITES.*

Approved by HQUSACE 3/92

DATA FORM
ROUTINE WETLAND DETERMINATION
(1987 COE Wetlands Delineation Manual)

| | |
|---|---|
| Project/Site: OCEAN PINES SECTION 15B LOT 64 | Date: 8/7/02 |
| Applicant/Owner: ROBERT J. SHORT | County: WORCESTER |
| Investigator: K.W. REDINGER / ARM, INC | State: MARYLAND |

| | | |
|---|---|---|
| Do Normal Circumstances exist on the site? | Yes No | Community ID: UPLANDS |
| Is the site significantly disturbed (Atypical Situation)? | Yes No | Transect ID: |
| Is the area a potential Problem Area? | Yes No | Plot ID: 2 |
| (If needed, explain on reverse.) | | |

## VEGETATION

| Dominant Plant Species | Stratum | Indicator | Dominant Plant Species | Stratum | Indicator |
|---|---|---|---|---|---|
| 1. LOBLOLLY PINE | T | FAC- | 9. POISON IVY | WV | FAC |
| 2. RED MAPLE | T | FAC | 10. COMMON GREENBRIAR | WV | FAC |
| 3. SWEET GUM | T | FAC | 11. | | |
| 4. BLACK CHERRY | T | FACU | 12. | | |
| 5. SWEET GUM | SA | FAC | 13. | | |
| 6. BLACK CHERRY | SA | FACU | 14. | | |
| 7. RED MAPLE | SA | FAC | 15. | | |
| 8. BAYBERRY | SH | FAC | 16. | | |

Percent of Dominant Species that are OBL, FACW or FAC
(excluding FAC-).                    70% (7/10)

Remarks: PINE AND MIXED HARDWOOD FOREST WITH OPEN
UNDERSTORY

## HYDROLOGY

| | |
|---|---|
| ___ Recorded Data (Describe in Remarks): | Wetland Hydrology Indicators: |
| ___ Stream. Lake. or Tide Gauge | Primary Indicators: |
| ___ Aerial Photographs | ___ Inundated |
| ___ Other | ___ Saturated in Upper 12 Inches |
| X No Recorded Data Available | ___ Water Marks |
| | ___ Drift Lines |
| | ___ Sediment Deposits |
| Field Observations: | ___ Drainage Patterns in Wetlands |
| | Secondary Indicators (2 or more required): |
| Depth of Surface Water: 0 (in.) | ___ Oxidized Root Channels in Upper 12 Inches |
| | ___ Water-Stained Leaves |
| Depth to Free Water in Pit: >62 (in.) | ___ Local Soil Survey Data |
| | ___ FAC-Neutral Test |
| Depth to Saturated Soil: 60 (in.) | ___ Other (Explain in Remarks) |

Remarks: NO EVIDENCE OF WETLAND HYDROLOGY, LANDSCAPE
POSITION BACKSLOPE AND UPPER TOE SLOPE

SOILS DSP #2 - UPLANDS

| Map Unit Name (Series and Phase): | WOODSTOWN SANDY LOAM | | Drainage Class: | MWD |
|---|---|---|---|---|
| Taxonomy (Subgroup): | AQUIC HAPLUDULT | | Field Observations Confirm Mapped Type? Yes (No) | |

**Profile Description:**

| Depth (inches) | Horizon | Matrix Color (Munsell Moist) | Mottle Colors (Munsell Moist) | Mottle Abundance/Contrast | Texture, Concretions, Structure, etc. |
|---|---|---|---|---|---|
| 0-8 | A | 10YR4/2 | NONE | NONE | SL |
| 8-19 | B1 | 10YR5/6 | NONE | NONE | SL |
| 19-28 | B2 | 10YR5/6 | 7.5YR5/8 2.5Y6/3 | C2D M3D | SL |
| 28-38 | BC | 10YR6/1 & 7.5YR5/8 MIXED MATRIX | | | LS |

**Hydric Soil Indicators:**

- ___ Histosol
- ___ Histic Epipedon
- ___ Sulfidic Odor
- ___ Aquic Moisture Regime
- ___ Reducing Conditions
- ___ Gleyed or Low-Chroma Colors
- ___ Concretions
- ___ High Organic Content in Surface Layer in Sandy Soils
- ___ Organic Streaking in Sandy Soils
- ___ Listed on Local Hydric Soils List
- ___ Listed on National Hydric Soils List
- ___ Other (Explain in Remarks)

Remarks: DEPTH TO SEASONAL SATURATION 19"± BASED ON MORPHOLOGY. MAPPED AS FALLSINGTON IN SOIL SURVEY

**WETLAND DETERMINATION**

| | | |
|---|---|---|
| Hydrophytic Vegetation Present? (Yes) No (Circle) | | |
| Wetland Hydrology Present? Yes (No) | Is this Sampling Point Within a Wetland? Yes (No) (Circle) | |
| Hydric Soils Present? Yes (No) | | |

Remarks: FAC DOMINATED FOREST WITH SIGNIFICANT COMPONENT OF UPLAND SPECIES

Approved by HQUSACE 3/92

DATA FORM
ROUTINE WETLAND DETERMINATION
(1987 COE Wetlands Delineation Manual)

| | |
|---|---|
| Project/Site: OCEAN PINES SECTION 15B LOT 64 | Date: 8/7/02 |
| Applicant/Owner: ROBERT J. SHORT | County: WORCESTER |
| Investigator: K.W. REDINGER/ARM, INC. | State: MARYLAND |

| | | |
|---|---|---|
| Do Normal Circumstances exist on the site? | (Yes) No | Community ID: UPLANDS |
| Is the site significantly disturbed (Atypical Situation)? | Yes (No) | Transect ID: |
| Is the area a potential Problem Area? | Yes (No) | Plot ID: 3 |
| (If needed, explain on reverse.) | | |

## VEGETATION

| Dominant Plant Species | Stratum | Indicator | Dominant Plant Species | Stratum | Indicator |
|---|---|---|---|---|---|
| 1. LOBLOLLY PINE | T | FAC- | 9. BAYBERRY | SH | FAC |
| 2. RED MAPLE | T | FAC | 10. | | |
| 3. SWEET GUM | T | FAC | 11. | | |
| 4. EASTERN RED CEDAR | T | FACU | 12. | | |
| 5. RED MAPLE | SA | FAC | 13. | | |
| 6. SWEET GUM | SA | FAC | 14. | | |
| 7. BLACK CHERRY | SA | FACU | 15. | | |
| 8. SASSAFRAS | SA | FACU- | 16. | | |

| | |
|---|---|
| Percent of Dominant Species that are OBL, FACW or FAC (excluding FAC-). | 56% (5/9) |

Remarks: PINE AND MIXED HARDWOOD FOREST IN EASTERN PORTION OF SITE TREES UP TO 15" DBH. SPARCE UNDERSTORY

## HYDROLOGY

___ Recorded Data (Describe in Remarks):
 ___ Stream, Lake, or Tide Gauge
 ___ Aerial Photographs
 ___ Other
X No Recorded Data Available

Field Observations:

Depth of Surface Water: ____Ø____ (in.)

Depth to Free Water in Pit: ____>62____ (in.)

Depth to Saturated Soil: ____>62____ (in.)

Wetland Hydrology Indicators:
 Primary Indicators:
  ___ Inundated
  ___ Saturated in Upper 12 Inches
  ___ Water Marks
  ___ Drift Lines
  ___ Sediment Deposits
  ___ Drainage Patterns in Wetlands
 Secondary Indicators (2 or more required):
  ___ Oxidized Root Channels in Upper 12 Inches
  ___ Water-Stained Leaves
  ___ Local Soil Survey Data
  ___ FAC-Neutral Test
  ___ Other (Explain in Remarks)

Remarks: LANDSCAPE POSITION SUMMIT/OLD FILL PILES. NO EVIDENCE OF WETLAND HYDROLOGY

SOILS DSP #3 - UPLANDS

| Map Unit Name (Series and Phase): | FALLSINGTON SANDY LOAM | | | | |
|---|---|---|---|---|---|
| Taxonomy (Subgroup): | TYPIC OCHRAQUULT | | | Drainage Class: | PD |
| | | | | Field Observations Confirm Mapped Type? | Yes No |

**Profile Description:**

| Depth (inches) | Horizon | Matrix Color (Munsell Moist) | Mottle Colors (Munsell Moist) | Mottle Abundance/Contrast | Texture, Concretions, Structure, etc. |
|---|---|---|---|---|---|
| 0-14 | Fill | 10YR4/3 | NONE | NONE | LS |
| 14-32 | FILL | 10YR4/3 | 2.5Y7/1 7.5YR5/8 | C2D C2D | LS |
| 32-42 | Ab | 2.5Y4/1 | 5YR5/8 | C1D | SL |
| 42-48 | Btg | 2.5Y7/1 | 5YR5/8 | C2P | SCL |

**Hydric Soil Indicators:**

- ___ Histosol
- ___ Histic Epipedon
- ___ Sulfidic Odor
- ___ Aquic Moisture Regime
- ___ Reducing Conditions
- ___ Gleyed or Low-Chroma Colors
- ___ Concretions
- ___ High Organic Content in Surface Layer in Sandy Soils
- ___ Organic Streaking in Sandy Soils
- ___ Listed on Local Hydric Soils List
- ___ Listed on National Hydric Soils List
- ___ Other (Explain in Remarks)

Remarks: OLD FILL PILES ≈3' IN HEIGHT. NO HYDRIC SOIL INDICATORS PRESENT IN FILL. FALLSINGTON BENEATH FILL

**WETLAND DETERMINATION**

| Hydrophytic Vegetation Present? | Yes No (Circle) | | |
|---|---|---|---|
| Wetland Hydrology Present? | Yes No | Is this Sampling Point Within a Wetland? | (Circle) Yes No |
| Hydric Soils Present? | Yes No | | |

Remarks: FILL PILES IN EASTERN PORTION OF SITE. AGE OF TREES INDICATE THAT FILL HAS BEEN PRESENT ON SITE FOR 20+ YEARS

Approved by HQUSACE 3/92

# APPENDIX "C"

## Site Photos

*Ocean Pines Section 15B Lot 64*

*Tax Map 21 - Parcel 68, Worcester County, Maryland*

*Applicant: Robert J. Short*



**Photo 1:** Non-tidal wetland depression, view facing east from wetland flag 21 – 08/07/02



**Photo 2:** Tidal wetland line along the northern property boundary with unnamed canal off Manklin Creek. View facing east from Wetland Flag 1A – 08/07/02

**EXHIBIT "2"**

# Atlantic Resource Management, Inc.

*3 Division Street / Onancock, Virginia 23417*
*Phone: (757) 789-3383 / Fax: (757) 789-3568 / e-mail: arm@esva.net*



October 8, 2002

Maryland Department of the Environment
Water Management Administration
Regulatory Services Coordination Office
2500 Broening Highway
Baltimore, MD 21224

**Re:**   Jurisdictional Wetland Determination, Ocean Pines Section 15B Lot 64
Tax Map 21 - Parcel 68, Worcester County, Maryland
Applicant: Robert J. Short

To Whom It May Concern:

On behalf of our client, Robert J. Short, Atlantic Resource Management, Inc. and D&D Civil and Environmental Engineering, Inc., is contacting your office to request a jurisdictional determination within Ocean Pines Section 15B Lot 64 (Tax Map 21 - Parcel 68), in Worcester County, Maryland. The development of a single-family home with attendant features is proposed within the parcel.

A delineation of wetland boundaries was previously conducted within the subject parcel (as depicted on the attached Wetland Delineation Plan), and received jurisdictional approval from the Baltimore District U.S. Army Corps of Engineers on November 13, 1995 (CENAB-OP-RS (Ocean Pines L.L.C./Balfour Holdings) – 9465–634-1- further Section 15B – 94-6727-1).

Enclosed you will find 5 copies of a joint application for jurisdictional wetland determination, wetland delineation report, and wetland delineation plans.

Please call me with any questions you may have.

Sincerely,
For Atlantic Resource Management, Inc.,

Kenneth W. Redinger
President

Enclosures (5 copies each):   Joint Application for Jurisdictional Determination
Wetland Delineation Report
Wetland Delineation Plans

**EXHIBIT "3"**

```
        Maryland Department of Environment - WMA
        REGULATORY SERVICES COORDINATION OFFICE
                1800 Washington Blvd
                Baltimore, MD 21230

                  October 11, 2002
```

D & D CIVIL & ENV ENGINEERING INC
ATTN: NICHOLAS DEGENNARD
PO BOX 3353
OCEAN CITY    MD   21843-


Project Name: SHORT, ROBERT J/JD

Tracking No.: 200360262
Application Received: October 11, 2002
County:      Worcester

Dear Mr. DeGennard:

    The Regulatory Services Coordination Office of the Water
Management Administration has received your Joint Application for
construction in a floodplain, waterway, tidal, or nontidal area
in Maryland.

    Your application will be forwarded to the U.S. Army Corps of
Engineers who will perform the jurisdictional determination you
have requested.

    If you have any questions please give us a call at
(410)537-3762 (Baltimore/Annapolis) or 1-800-876-0200.

                    Sincerely,


                    Regulatory Services Coordination
                    Staff

**EXHIBIT "4"**

Nicholas De Gennaro Ph.D. PE
D&D Civil & Environmental Engineering
Box 3353
Ocean City MD 21843


March 14 2003


COE
Woody Francis
Box 1715
Baltimore MD 21203


RE: Joint Application For JD
Tracking No: 20036062


Dear Mr Francis:


I am sending you the information we discussed over the telephone on 10 March 13, 2003. It is
documentation on the change in impacts to Section 15B. As I mentioned there was a net decrease impacts
of approximately one and a half acres. Pleases consider this when reviewing the application for
modification to lot 64.


Regards,

Nicholas De Gennaro



Cc  Steve Dawson

All modifications are as shown on the attached site plans drawn by Larry T. Whitlock & Associates, Inc., Sheets 34, 35, 38, 39 and 15B Utility right of way by Soulé and Assoc. All other parts of the site plan remain the same.

THIS MODIFICATION SHALL BE CONSIDERED AS PART OF NONTIDAL WETLANDS & WATERWAYS PERMIT NUMBER 199465634. ALL OTHER CONDITIONS AND ELEMENTS OF THE AUTHORIZATION REMAIN IN EFFECT.

Gary T. Setzer
Program Administrator
Wetlands and Waterways Program

Attachments: Site Plans

cc:    Walter Washington, Jr. - U.S. Army Corps of Engineers
       Larry Whitlock - Larry T. Whitlock & Assoc. Inc.
       Marley C. Lewis - WRA Inspection & Compliance Program
       Terrance W. Clark - Nontidal Wetlands and Waterways Division

# STATE OF MARYLAND
## DEPARTMENT OF THE ENVIRONMENT
### WATER MANAGEMENT ADMINISTRATION

## MODIFICATION OF AUTHORIZATION

DEC 1 8 1995

**PERMIT NUMBER:** 199465634
Includes:
94-NT-0557/199467262
94-NT-0668/199467265
94-NT-0669/199467268
94-NT-0670/199467271

94-NT-0671/199467274
94-NT-0672/199467278
94-NT-0673/199467291

**EFFECTIVE DATE:** December 14, 1995
**EXPIRATION DATE:** August 31, 1998
**AUTHORIZED PERSON:** Balfour Holdings Inc./
c/o Ray Smith
1180 Sunrise Valley Dr.
Reston, VA 22091

IN ACCORDANCE WITH DEPARTMENT OF THE ENVIRONMENT ARTICLE §5-503(A) AND §5-906(A), ANNOTATED CODE OF MARYLAND (1990 REPLACEMENT VOLUME), COMAR 08.05.03.12E AND 08.05.04.11, NONTIDAL WETLANDS & WATERWAYS PERMIT NUMBER 199465634, ISSUED TO __Balfour Holdings Inc.__, ("AUTHORIZED PERSON"), IS HEREBY MODIFIED BY THE WATER MANAGEMENT ADMINISTRATION ("ADMINISTRATION") AS DESCRIBED BELOW:

For Section 15B only:

To redesign the utilities right-of-way, to eliminate a portion of Bayou Court roadway and revise a portion of Port Arthur Court to a private drive. These changes will reduce forested nontidal wetland impacts and nontidal buffer impacts as follows:

### IMPACT DELETIONS
| | |
|---|---|
| Row in 25' buffer, | 359 Sq. ft./.81 Acres |
| Row in nontidal wetlands | 25,233 Sq. ft./.58 Acres |
| Utility in 25' buffer | 19,586 Sq. ft./.45 Acres |
| Utility in nontidal wetlands | 24,192 Sq. ft./.56 Acres |

### IMPACT ADDITIONS
| | |
|---|---|
| Utility in 25' buffer | 13,200 Sq. ft./.30 Acres |
| Utility in nontidal wetlands | 5,200 Sq. ft./.12 Acres |
| Access in 25' buffer | 6,875 Sq. ft./.16 Acres |

### NET DIFFERENCE
| | |
|---|---|
| Reduction in permanent impacts | |
| Road right of way in NTW | .42 Acres |
| Permanent total (reduction) | .42 Acres |
| Reduction in temporary impacts | |
| Utilities in NTW | .44 Acres |
| Road right of way in NTW buffers | .81 Acres |
| Utilities in NTW buffers | .15 Acres |
| Temporary total (reduction): | 1.40 Acres |

Telephone: (410) 543-6703
TTD for the Deaf: 410-974-3663

# STATE OF MARYLAND
## DEPARTMENT OF THE ENVIRONMENT
## WATER MANAGEMENT ADMINISTRATION

## MODIFICATION OF AUTHORIZATION

PERMIT NUMBER: 199465634
Includes:    94-NT-0557/199467262       94-NT-0671/199467274
             94-NT-0668/199467265       94-NT-0672/199467278
             94-NT-0669/199467268       94-NT-0673/199467291
             94-NT-0670/199467271

EFFECTIVE DATE:       December 14, 1995
EXPIRATION DATE:      August 31, 1998
AUTHORIZED PERSON:    Balfour Holdings Inc./
                      c/o Ray Smith
                      1180 Sunrise Valley Dr.
                      Reston, VA 22091.

IN ACCORDANCE WITH DEPARTMENT OF THE ENVIRONMENT ARTICLE §5-503(A) AND §5-906(A), ANNOTATED CODE OF MARYLAND (1990 REPLACEMENT VOLUME), COMAR O8.05.03.12E AND O8.05.04.11, NONTIDAL WETLANDS & WATERWAYS PERMIT NUMBER 199465634, ISSUED TO __Balfour Holdings Inc.__, ("AUTHORIZED PERSON"), IS HEREBY MODIFIED BY THE WATER MANAGEMENT ADMINISTRATION ("ADMINISTRATION") AS DESCRIBED BELOW:

For Section 15B only:

To redesign the utilities right-of-way, to eliminate a portion of Bayou Court roadway and revise a portion of Port Arthur Court to a private drive. These changes will reduce forested nontidal wetland impacts and nontidal buffer impacts as follows:

| IMPACT DELETIONS | |
| --- | --- |
| Row in 25' buffer | 35,359 Sq. ft./.81 Acres |
| Row in nontidal wetlands | 25,233 Sq. ft./.58 Acres |
| Utility in 25' buffer | 19,586 Sq. ft./.45 Acres |
| Utility in nontidal wetlands | 24,192 Sq. ft./.56 Acres |

| IMPACT ADDITIONS | |
| --- | --- |
| Utility in 25' buffer | 13,200 Sq. ft./.30 Acres |
| Utility in nontidal wetlands | 5,200 Sq. ft./.12 Acres |
| Access in 25' buffer | 6,875 Sq. ft./.16 Acres |

| NET DIFFERENCE | |
| --- | --- |
| Reduction in permanent impacts | |
| Road right of way in NTW | .42 Acres |
| Permanent total (reduction) | .42 Acres |
| Reduction in temporary impacts | |
| Utilities in NTW | .44 Acres |
| Road right of way in NTW buffers | .81 Acres |
| Utilities in NTW buffers | .15 Acres |
| Temporary total (reduction): | 1.40 Acres |

Telephone:  (410) 543-6703
TTD for the Deaf:  410-974-3683



**DEPARTMENT OF THE ARMY**
BALTIMORE DISTRICT, U.S. ARMY CORPS OF ENGINEERS
P.O. BOX 1715
BALTIMORE, MD 21203-1715

REPLY TO
ATTENTION OF

December 22, 1995

Operations Division

Subject:  CENAB-OP-RS(OCEAN PINES L.L.C. - BALFOUR HOLDINGS, INC.)
          94-65634-1
          CENAB-OP-RS(SECTION 15B)94-67271-1

Balfour Holdings, Inc.
c/o Mr. Lawrence T. Whitlock
Lawrence T. Whitlock Assoc., Inc.
3409 Coastal Highway
Ocean City, Maryland  21842

*CENAB - OP - RS - OPLC*
*Blafor hold Inc*
*94-65063"4-1*
*1513*
*94-67271-1*

Gentlemen:

I am replying to your agent's letters dated December 8 and
18, 1995, requesting modification to the work authorized on
November 13, 1995, by the subject Department of the Army permits
referenced above, in Ocean Pines, Worcester County, Maryland.

Specifically, you have requested permit modifications to the
authorized work shown on pages 36, 37, and 40 of permit 94-65634-1
and pages 7, 8, and 11 of permit 94-67271-1.  These modifications
will result in a reduction of permanent non-tidal wetland impacts
from approximately 41,263 square feet to approximately 37,853 square
feet associated with road crossings and a reduction of temporary
non-tidal wetland impacts from approximately 70,562 square feet
to approximately 53,570 square feet associated with utility line
crossings.  In addition, your requested modification includes
construction of a 24-foot wide access and utility easement within
1,980 square feet of non-tidal wetlands, which was not previously
authorized.  Therefore, collectively, these modifications will
result in a reduction of permanent and temporary non-tidal wetland
impacts by approximately 22,382 square feet (0.51 acres).

Accordingly, we have determined, as a result of our reevaluation
of the authorized work and the requested modifications, that the
proposed work, as modified, is not contrary to the public interest.
Therefore, the modifications are approved, as shown by revised plans
dated December 18, 1995 sheets 36, 37, and 40 of 92 for permit
94-65634-1 and by sheets 7, 8, and 11 of 48 for permit 94-67271-1,
copies enclosed.  Consequently, these revised plans supersede the
plans and work previously authorized by the Corps on November 13,
1995.

2

All other aspects of the work as originally authorized and conditioned remain unchanged. Any required State and local authorizations must also be secured prior to commencement of the authorized work as modified herein.

If you have any questions regarding this matter, please contact Mr. Woody Francis, of this office, at (410) 962-5689.

By Authority of the Secretary of the Army:


Issued for and in behalf of             Walter Washington, Jr.
Colonel Randall R. Inouye, P.E.         Chief, Eastern Shore Section
District Engineer

Enclosures

**EXHIBIT "5"**

ADKINS, POTTS & SMETHURST, LLP

ATTORNEYS AT LAW

E. DALE ADKINS, JR. (1915-1982)
CHARLES J. POTTS (1910-1994)

RAYMOND S. SMETHURST, JR.
ROBERT B. TAYLOR

S. JAMES SARBANES

ONE PLAZA EAST, SIXTH FLOOR

100 EAST MAIN STREET

(MAILING ADDRESS)
POST OFFICE BOX 4247
SALISBURY, MARYLAND 21803-4247

PHONE: 410-749-0161
FAX: 410-749-5021

February 10, 2004

Mr. Woody Frances
U. S. Army Corps of Engineers
P. O. Box 1715
Baltimore, MD 21203

Re:   Robert J. Short
      Ocean Pines Section 15B, Lot 64
      Tax Map 21, Parcel 68
      Worcester County, Maryland
      Tracking No. 20036062

Dear Mr. Frances:

I am writing on behalf of Robert J. Short, who on October 8, 2002, applied for a jurisdictional determination to modify wetland boundaries on the above identified property. The request was initially forwarded by Atlantic Resource Management, Inc. to the Maryland Department of the Environment on October 8, 2002 (copy of transmitting letter attached). MDE then forwarded the request to your office as evidenced by its letter of October 11, 2002 (copy attached). The last communication in Mr. Short's file is a letter to you from Nicholas DeGennaro dated March 14, 2003 (copy attached).

I would appreciate it if you could advise me of the status of this JD request and a time frame for its resolution.

Very truly yours,

R. S. Smethurst, Jr.

RSS/bh
enc.
cc:   Robert J. Short

M:\filesRSS\Short\LtrFrances21188

**EXHIBIT "6"**

 **OBERMAYER**

REBMANN MAXWELL & HIPPEL LLP

*Attorneys At Law*
**Steven D. Urgo**
215-665-3122
steven.urgo@obermayer.com
Member NY, NJ & PA Bars

One Penn Center – 19th Floor
1617 John F. Kennedy Boulevard
Philadelphia, PA 19103-1895
215-665-3000
Fax  215-665-3165
www.obermayer.com

<u>**VIA EMAIL AND**</u>
<u>**FIRST CLASS MAIL**</u>

January 16, 2007

US Army, Corps of Engineers
Baltimore District
PO Box 1715
Baltimore, MD 21203-1715

<u>Attention</u>:    Michael S. Fraer

    **Re:    JD Determination – Tracking No. 20036062**

Dear Mr. Fraer:

        Thank you for speaking with me today.  As discussed, this is a request made pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. §552, *et seq*., as amended.

        My firm represents Mr. James R. Short in connection with his joint application for a jurisdictional determination on a parcel of property located in Worchester County, Maryland.  The JD application was first submitted to the U.S. Army Corps of Engineers by the Maryland Department of Environment on or about October 11, 2002.  The JD application concerns a parcel located in Ocean Pines Section 15B, Lot 64, Tax Map 21, Parcel 68 (the "Parcel").

        We hereby request that you provide us with copies of all documents in the possession, custody or control of the Corps with respect to the Parcel, including but not limited to any and all wetlands delineations, conservation easements, correspondence generated by the Corps in response to the JD application, and any internal memorandum or other documents generated by the Corps in connection with the JD application.

        To the extent there are charges associated with providing copies of the Corps file on this matter, please advise us of the amount of any fees required for this information pursuant to FOIA.  We will pay these fees upon request.  Please call if you have any questions.

                        Very truly yours,

                        Steven D. Urgo

SDU/dct

**Over a Century of Solutions**

4120501

Philadelphia        Harrisburg        Pittsburgh        Cherry Hill        Vineland        Wilmington
Pennsylvania        Pennsylvania        Pennsylvania        New Jersey        New Jersey        Delaware

Michael S. Fraer
January 16, 2007
Page 2 of 2

bcc:     Joseph J. McGovern, Esq.
         Nicholas De Gennaro, PhD., P.E. (via email)

EXHIBIT "7"



**DEPARTMENT OF THE ARMY**
BALTIMORE DISTRICT, CORPS OF ENGINEERS
P.O. BOX 1715
BALTIMORE, MARYLAND 21203-1715

February 1, 2007

Office of Counsel

SUBJECT: Freedom of Information Act (FOIA) Request from Steven D. Urgo, Esquire
(FOIA 07-021)

Steven D. Urgo, Esquire
Obermayer, Rebmann, Maxwell & Hippel, LLP
One Penn Center – 19th Floor
1617 John F. Kennedy Boulevard
Philadelphia, PA 19103-1895

Dear Mr. Urgo:

Reference your recent FOIA request letter in which you requested record(s) pertaining to a JD application for a parcel of property located in Ocean Pines Section 15B, Lot 64, Tax Map 21, Parcel 68, Worcester County, Maryland.

A preliminary determination has been made to grant your request. Once the responsive records have been received and reviewed by this office, all releasable documents will be sent to you.

If you have any questions relating to this matter, kindly call me at (410) 962-2448.

Sincerely,

Michael S. Fraer
Legal Assistant

RECEIVED
FEB   2007
Steven D. Urgo, Esq.

**EXHIBIT "8"**

# OBERMAYER
## REBMANN MAXWELL & HIPPEL LLP
*Attorneys At Law*

**Steven D. Urgo**
215-665-3122
steven.urgo@obermayer.com
Member NY, NJ & PA Bars

One Penn Center – 19th Floor
1617 John F. Kennedy Boulevard
Philadelphia, PA 19103-1895
215-665-3000
Fax 215-665-3165
www.obermayer.com

**VIA FIRST CLASS MAIL**

February 14, 2007

US Army Engineer District, Baltimore
Office of Counsel
P.O. Box 1715
Baltimore, MD 21203-1715

Attention:   Jeff Lorenz, Esquire

Re:   **JD Determination – Tracking No. 20036062**

Dear Mr. Lorenz:

As you know, this firm represents James R. Short with respect to the above-identified JD Tracking No. Please allow this to acknowledge our January 23, 2006 telephone conversation regarding Mr. Short's joint application for a Jurisdictional Determination. Mr. Short submitted his application to the Maryland Department of Environment ("DOE") on October 8, 2002, and the DOE forwarded it onto the Baltimore District on or about October 11, 2002.

As I understand it, the Corps has not moved forward with the JD application in the four years since its submission on the basis that it has not received a "meets and bounds" description of a conservation easement that was established some time ago with respect to the Ocean Pines development, and specifically with respect to the subdivision that Mr. Short purchased from Balfour Holdings, Inc and subsequently developed. According to a prior conversation with Woody Francis of the District, any JD would be "moot" because most if not all of any "wetlands" on the subject parcel - identified as lot no. 64 in the Ocean Pines Section 15B – are within a conservation easement. According to our conversation, the Ocean Pines Association is the holder of this easement, but any attempt to modify the easement requires approval of the Corps and DOE. While this easement was based in part on a prior wetlands delineation, the area of the easement includes areas that are not wetlands, i.e., forested upland areas or "greenways". Moreover, the Corps contends that upon transfer of the subdivision from Balfour to Mr. Short, the Corps' permit no. 94-67271-1 was assigned by Balfour to Mr. Short, and that this permit obligated Mr. Short to undertake a survey depicting the meets and bounds of the conservation easement on every parcel within the subdivision. Thus, if I have it correct, the Corps is requiring evidence from Mr. Short that he is in compliance with permit no. 94-67271-1 as a prerequisite for moving forward with his JD application. If the foregoing is incorrect, please let me know.

## Over a Century of Solutions

Philadelphia
Pennsylvania

Harrisburg
Pennsylvania

Pittsburgh
Pennsylvania

Cherry Hill
New Jersey

Wilmington
Delaware

Jeff Lorenz, Esquire
2/14/2007
Page 2

I understand that Mr. Francis will be sending me a copy of the conservation easement, an assignment of the Corps' permit that was executed by Mr. Short, along with a copy of the Corps' permit.

While I appreciate the Corps' assistance in providing this information, I am deeply troubled by the lack of any written history on the Corp's prior conversations with Mr. Short. Per my prior conversation with Mr. Francis, it appears that the development of Ocean Pines has a long history dating back to the 1960's. There were several subdivisions of the initial 600-acre tract and various transfers of the subdivisions amongst several parties. There also appear to be a long history involving creation of the conservation easement and issuance of the Corps' permit. None of this, however, was ever set forth in writing to Mr. Short. As I further understand it, the Corps has never issued a written response to Mr. Short's JD application wherein the Corps requested any additional information to proceed with the JD. Similarly, the Corps issued no written response to Mr. Short's prior counsel's request for a status of the JD as set forth in his letter of February 10, 2004 to Mr. Francis. When I specifically asked why the Corps has not provided Mr. Short with any written acknowledgment of his application or any deficiencies therein, the Corp's answer was that it would be too difficult to put something together that a layperson could understand and that the Corps generally doesn't have time to respond in writing to JD applications such as Mr. Short's. The Corps' also insisted that it had verbally advised Mr. Short of many of the issues discussed above. This is completely unacceptable.

The Corps, like any administrative agency, has procedures for responding to inquires from the regulated community, such as JD applicants. 33 CFR 320.1 (a)(6) regulates the issuance of JDs and specifically authorizes the Corps to issue "formal determinations concerning the applicability of the Clean Water Act...." Further, the District's own procedures for evaluating JDs state that upon receipt of a JD application, the Corps will conduct "A review to determine if the request has sufficient information to perform a jurisdiction determination. If not, a letter requesting additional information will be sent." Why then has the Corps never issued a letter to Mr. Short to explain the impact of the Ocean Pines historical development on his application, or to ask him for information concerning the impact of the easement on parcel 64?

Further, while I understand that Corps' position that the easement could impact that buildable footprint of the parcel, I do not see anything in the District's JD checklist that references any type of easement as one of the factors the Corps considers in a JD application. The JD form (revised 8/13/04) also is devoid of any reference to a conservation easement as a factor that would impact a JD. Additionally, I could not locate any reference to conservation easements as one of the parameters established by the Corps for determining wetlands as set forth in the Corps' 1987 Wetlands Delineation Manual. If there is some regulatory support for the Corps' position that the presence of a conservation easement negates the need for a JD, please provide me with a cite to that support. If no such authority exists, it is our position that the JD stands on its own and should proceed regardless of the impact of any conservation easement. The impact of the conservation easement, if any, on the lot is an issue between the title owner and the easement holder.

4123647

Jeff Lorenz, Esquire
2/14/2007
Page 3

      To the extent that the Corps' permit for section B 15 has somehow incorporated the obligation to prepare a survey of and to record the conservation easement, and to the extent the permit was based upon a prior wetlands delineation, please provide me with documentation that supports that delineation with respect to lot 64. It is our intent to work with the Corps to resolve the wetland issue involving lot 64. To the extent that the conservation easement impacts the parcel, we also will work with the easement-holder to determine what obligations, if any, Mr. Short may have.

      I look forward to receiving the above-requested information. In the interim, if you have any comments or questions, please feel free to contact me.

                    Very truly yours,

                    *Steven D. Urgo /dct*

                    Steven D. Urgo

SDU/dct

cc:   Meg Smith

4123647

Jeff Lorenz, Esquire
2/14/2007
Page 4


bcc:    Joseph J. McGovern, Esq.
        Nicholas De Gennaro, PhD., P.E. (via email)

4123647

**EXHIBIT "9"**

| | |
|---|---|
| **From:** | Fraer, Michael S NAB02 [Michael.S.Fraer@nab02.usace.army.mil] |
| **Sent:** | Wednesday, April 04, 2007 10:36 AM |
| **To:** | Urgo, Steven |
| **Subject:** | RE: FOIA 07-021 |

That's hard to say.  It depends on the volume of records we're talking about, the workload of the office where the records are located, the workload of the attorney assigned to review the records, etc., but I would hope for no more than maybe a month to a month and a half.

-----Original Message-----
From: Urgo, Steven [mailto:Steven.urgo@obermayer.com]
Sent: Wednesday, April 04, 2007 10:28 AM
To: Fraer, Michael S NAB02
Subject: RE: FOIA 07-021

Michael - thank you very much for getting back to me.  Do you have any timeframe for when you will receive the requested records for your review?

-----Original Message-----
From: Fraer, Michael S NAB02
[mailto:Michael.S.Fraer@nab02.usace.army.mil]
Sent: Wednesday, April 04, 2007 10:25 AM
To: Urgo, Steven
Subject: RE: FOIA 07-021

Dear Mr. Urgo,

First, let me apologize for not responding to your emails sooner.  I was out of the office at a training conference from March 3-9.  When I got back in to the office next week, I had close to 100 emails waiting for me, and I inadvertently deleted yours.

When I receive a FOIA request, I send a memo to the records holder, along with a copy of the request, directing them to provide me two copies of the requested records.  It appears that the records holder never received my memo.  I have resubmitted the memo, and as soon as I receive the records and review them, any releasable records will be forwarded to you.

Michael S. Fraer
Office of Counsel
US Army Corps of Engineers, Baltimore District
(410) 962-2448

-----Original Message-----
From: Urgo, Steven [mailto:Steven.urgo@obermayer.com]
Sent: Tuesday, March 27, 2007 3:24 PM
To: Fraer, Michael S NAB02
Cc: McGovern, Joseph; Nick De Gennaro
Subject: FW: FOIA 07-021

Dear Mr. Fraer - please afford me the courtesy of a response to my email of March 8th. Thanks.

From: Urgo, Steven
Sent: Thursday, March 08, 2007 10:03 AM
To: 'Michael.s.fraer@nab02.usace.army.mil'
Subject: FOIA 07-021

Dear Mr. Fraer:  Please allow this to acknowledge receipt of your February 1, 2007 letter regarding the above FOIA request.  Since the 20-day statutory response time has expired, kindly advise me as to when I can expect to receive the requested documents. Thank you for your assistance.

Regards,

Steven D. Urgo


The information in this email is confidential and may be legally privileged. It is intended solely for the addressee.  Access to this email by anyone else is unauthorized.  If you are not the intended recipient, any disclosure, copying, distribution or any action or inaction taken in reliance upon it is prohibited and may be unlawful.  If you believe that you have received this email in error, please contact the sender.


Steven D. Urgo, Esquire

Member NY, NJ & PA Bars

Obermayer Rebmann Maxwell & Hippel, LLP One Penn Center
1617 JFK Boulevard, 19th Floor
Philadelphia, PA 19103-1895
phone: 215-665-3122
fax: 215-665-3165

http://www.obermayer.com <http://www.obermayer.com/>

http://www.obermayer.com/AttorneyDetails.php?action=view&id=87
<http://www.obermayer.com/AttorneyDetails.php?action=view&id=87>

07-cv-2260
RMC
I

**CIVIL COVER SHEET**

JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| JAMES R. SHORT | UNITED STATES ARMY CORPS OF ENGINEERS |

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF    Worcester
(EXCEPT IN U.S. PLAINTIFF CASES)    88888

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY) _____
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF
LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Joseph J. McGovern, Esquire
Obermayer Rebmann Maxwell & Hipel, LLP
1617 John F. Kennedy Boulevard,19th Floor
Philadelphia, PA 19103
215-665-3000

ATTORNEYS (IF KNOWN)

Case: 1:07-cv-02260
Assigned To : Collyer, Rosemary M.
Assign. Date : 12/17/2007
Description: FOIA/Privacy Act

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government
Plaintiff

○ 3 Federal Question
(U.S. Government Not a Party)

⊙ 2 U.S. Government
Defendant

○ 4 Diversity
(Indicate Citizenship of
Parties in item III)

## III CITIZENS ___ (PLACE AN x IN ONE BOX
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

○ **A.** *Antitrust*

☐ 410 Antitrust

○ **B.** *Personal Injury/Malpractice*

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C.** *Administrative Agency Review*

☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If
        Administrative Agency is Involved)

○ **D.** *Temporary Restraining Order/Preliminary Injunction*

Any nature of suit from any category may
be selected for this category of case
assignment.

*(If Antitrust, then A governs)*

○ **E.** *General Civil (Other)*    **OR**    ○ **F.** *Pro Se General Civil*

Real Property
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

Personal Property
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

Bankruptcy
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

Property Rights
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

Federal Tax Suits
☐ 870 Taxes (US plaintiff or
        defendant
☐ 871 IRS-Third Party 26
        USC 7609

Forfeiture/Penalty
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure
        of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational
        Safety/Health
☐ 690 Other

Other Statutes
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC
        Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced &
        Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/
        Exchange
☐ 875 Customer Challenge 12 USC
        3410
☐ 900 Appeal of fee determination
        under equal access to Justice
☐ 950 Constitutionality of State
        Statutes
☐ 890 Other Statutory Actions (if
        not administrative agency
        review or Privacy Act

②

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ⊙ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment<br>(criteria: race, gender/sex,<br>national origin,<br>discrimination, disability<br>age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☒ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions<br>(if Privacy Act)<br><br><br><br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted<br>Student Loans<br>(excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting &<br>Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights<br>Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-<br>Employment<br>☐ 446 Americans w/Disabilities-<br>Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment &<br>Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of<br>Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting<br>(if Voting Rights Act) |

**V. ORIGIN**

⊙ 1 Original Proceeding  ○ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)**

Action under the Freedom of Information Act, 5 U.S.C. Sec. 552, et seq. for information and attorneys' fees and costs.

| **VII. REQUESTED IN COMPLAINT** | CHECK IF THIS IS A CLASS ☐ ACTION UNDER F.R.C.P. 23 | **DEMAND $** _____ JURY DEMAND: | Check YES only if demanded in complaint YES ○ NO ☒ |
|---|---|---|---|

| **VIII. RELATED CASE(S) IF ANY** | (See instruction) | YES ☐ | NO ☒ | If yes, please complete related case form. |
|---|---|---|---|---|

DATE 14 Dec 07    SIGNATURE OF ATTORNEY OF RECORD

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.    CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.    CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.    RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.