# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

_____

| | |
|---|---|
| JAMES R. SHORT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    Civil Action No. 07-2260 (RMC) |
| | ) |
| UNITED STATES ARMY | ) |
| CORPS OF ENGINEERS | ) |
| | ) |
| Defendant. | ) |

_____)

## DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

Defendant United States Army Corps of Engineers, by and through undersigned counsel, respectfully moves this Court to dismiss Plaintiff's Freedom of Information Act ("FOIA") claims in this case for mootness. Alternatively, Defendant moves for summary judgment because there are no material issues of fact and Defendant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The grounds for this Motion are set forth in the accompanying memorandum in support. A statement of material facts not genuinely in dispute and draft Order are also filed herewith.

Respectfully submitted,

_____/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

_____/s/_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

_____/s/_____
BRIAN C. BALDRATE,
Special Assistant United States Attorney
555 Fourth Street, N.W.,
Washington, D.C.  20530
(202) 353-9895
Attorneys for Defendant

OF COUNSEL:
CARL JEFFREY LORENZ
Assistant District Counsel
United States Army Engineer District, Baltimore

PATRICIA M. RYAN
Assistant District Counsel
United States Army Engineer District, Baltimore

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

|  |  |  |
|---|---|---|
| **JAMES R. SHORT** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 07 2260 (RMC)** |
| | ) | |
| **UNTIED STATES ARMY** | ) | |
| **CORPS OF ENGINEERS** | ) | |
| | ) | |
| **Defendant.** | ) | |

_____)

### DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

Plaintiff, Mr. James R. Short, seeks the production of documents pursuant to the Freedom of Information Act ("FOIA") with respect to Lot 64, a parcel owned by Plaintiff. Plaintiff's FOIA request described the land in question specifically as "a parcel located in Ocean Pines Section 15B, Lot 64, Tax Map 21, Parcel 68 (the 'Parcel')" (Compl., Ex. 6.) Plaintiff requested "all documents in the possession, custody or control of the Corps with respect to the Parcel including but not limited to any and all wetlands delineations, conservation easements, correspondence generated by the Corps in response to the JD application, and any internal memorandum or other documents generated by the Corps in connection with the JD application." (Id.). Plaintiff sought a declaratory judgment that Defendant's withholding was unlawful, an Order that the Defendant provide Plaintiff copies of the documents, and costs and attorney's fees. (Compl. at 6).

Plaintiff's FOIA claim should be dismissed as moot because Defendant provided Plaintiff with all of the requested records on January 4, 2008. The attached declaration of Michael S. Fraer demonstrates that Plaintiff received the responsive documents on January 8, 2008. (Def Ex.

A, Fraer Decl. ¶ 11.) To the extent Plaintiff challenges the adequacy of the search for documents,

Defendant moves for summary judgment because the Defendant's search was reasonable. The

attached declaration of Margaret Gaffney-Smith documents the efforts Defendant made to locate

responsive documents for Plaintiff–resulting in 438 pages of documents and 19 oversized

drawings, totaling 457 pages of released materials. (Def. Ex. B, Gaffney-Smith Decl.) No

documents were withheld or redacted. (Fraer Decl. ¶10.) Accordingly, no genuine issue of

material fact remains regarding the reasonable adequacy of the agency search and all responsive

documents have been released; therefore, defendant is entitled to summary judgment as a matter

of law.[1]

## I. FACTUAL BACKGROUND

The relevant facts are contained in the attached Statement of Material Facts Not in

Genuine Dispute.

## II. LEGAL STANDARDS

### A.    <u>Motion to Dismiss.</u>

Defendant moves for dismissal under Rule 12(b)(1), as the Court now lacks jurisdiction

over the subject matter, and Rule 12(b)(6), as Plaintiff fails to state a claim upon which relief can

---

[1] Plaintiff is not entitled to attorneys fees under the FOIA statute applicable at the time Plaintiff filed his FOIA request and this judicial complaint. <u>See</u> e.g.,<u>Oil, Chemical & Atomic Workers International Union,</u> 288 F.3d 452, 455-56 (D.C. Cir. 2002)( "in order for plaintiffs in FOIA actions to become eligible for an award of attorney's fees, they must have 'been awarded some relief by [a] court' either in a judgment on the merits or in a court-ordered consent decree"). On December 31, 2007, the President signed into law the Open Government Act of 2007 modifying 5 U.S.C. § 552(a)(4)(E). However, that law is not retroactive to Plaintiff's case. <u>Taylor v. FDIC</u>, 132 F.3d 753, 762 (D.C. Cir. 1997) ("statutes should not be read to produce such retroactivity in the absence of clear Congressional intent . . . which is completely absent here."); <u>Zarcon v. NLRB</u>, Case # 06-3161, (W. Dist. of MO., March 25, 2008)("The Open Government Act of 2007 does not apply to this case because it did not take effect until December 31, 2007 and its modifications of the FOIA fee shifting provision are not retroactive.")

be granted. "In reviewing a motion to dismiss for lack of subject-matter jurisdiction under

Federal Rule of Civil Procedure 12(b)(1), the court must accept the complaint's well-pled factual

allegations as true and draw all reasonable inferences in the plaintiff's favor." Thompson v.

Capitol Police Board, 120 F. Supp.2d 78, 81 (D.D.C. 2000) (citations omitted); see also Vanover

v. Hantman, 77 F. Supp.2d 91, 98 (D.D.C. 1999); aff'd , 38 Fed. Appx. 4 (D.C. Cir. 2002). "The

court is not required, however, to accept inferences unsupported by the facts alleged or legal

conclusions that are cast as factual allegations." Rann v. Chao, 154 F. Supp. 2d 61, 64 (D.D.C.

2001), aff'd, 346 F.3d 192 (D.C. Cir. 2003), cert. denied, 125 S. Ct. 35 (2004). In addition, "[on]

a motion to dismiss pursuant to Rule 12(b)(1), the plaintiff bears the burden of persuasion to

establish subject-matter jurisdiction by a preponderance of the evidence." Thompson, 120 F.

Supp.2d at 81; Vanover, 77 F. Supp.2d at 98.

A court may resolve a motion to dismiss for lack of subject matter jurisdiction under Rule

12(b)(1) in either of two ways. First, the court may determine the motion based solely on the

complaint. Herbert, 974 F.2d at 197. Alternatively, to determine the existence of jurisdiction, a

court may look beyond the allegations of the complaint, consider affidavits and other extrinsic

information, and ultimately weigh the conflicting evidence. See id.; Rann, 154 F. Supp. at 64.

On a motion to dismiss for failure to state a claim upon which relief can be granted

pursuant to Rule 12(b)(6), the court will dismiss a claim if Plaintiff's complaint fails to plead

"enough facts to state a claim for relief that is plausible on its face." Bell Atlantic Corp. v.

Twombly, 127 S. Ct. 1955, 1974 (2007) (clarifying the standard from Conley v. Gibson, 355

U.S. 41, 47 (1957)); see also In re Sealed Case, 494 F.3d 139, 145 (D.C. Cir. 2007) (citing

Twombly). Hence, the focus is on the language in the complaint, and whether that language sets

forth sufficient factual allegations to support plaintiff's claims for relief.

The court must construe the factual allegations in the complaint in the light most favorable to Plaintiff and must grant Plaintiff the benefit of all inferences that can be derived from the facts as they are alleged in the complaint. Barr v. Clinton, 370 F.3d 1196, 1199 (D.C. Cir. 2004) (citing Kowal v. MCI Commc'ns Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994)). However, the Court need not accept any inferences or conclusory allegations that are unsupported by the facts pleaded in the complaint. Kowal, 16 F.3d at 1276. Moreover, the Court need not "accept legal conclusions cast in the form of factual allegations." Id.

###    B.    Summary Judgment

In 1986, the Supreme Court issued three opinions that clarified the standards governing consideration of motions for summary judgment under Fed. R. Civ. P. 56. Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986); Celotex Corp. v. Catrett, 477 U.S. 317 (1986).

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex at 322; Diamond v. Atwood, 43 F.3d 1538, 1540 (D.C. Cir. 1995); Molerio v. FBI, 749 F.2d 815, 823 (D.C. Cir. 1984). Where no genuine dispute exists as to any material fact, summary judgment is required. Anderson, 477 U.S. 242 (1986).

A genuine issue of material fact is one that could change the outcome of the litigation. Id. at 247. The party moving for summary judgment need not prove the absence of an essential element of the nonmoving party's case. Celotex, at 325. "The burden on the moving party may

be discharged by 'showing' – that is, pointing out to the (Court) – that there is an absence of evidence to support the non-moving party's case." Id. Once the moving party has met its burden, the non-movant may not rest on mere allegations, but must proffer specific facts showing that a genuine issue exists for trial. Matsushita, 475 U.S. at 586. Fed. R. Civ. P. 56 requires the party opposing summary judgment go beyond the pleadings, and by affidavits, depositions, answers to interrogatories or admissions set forth "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); Celotex, 477 U.S. at 324; Banks v. C & P Tel. Co., 802 F.2d 1416 (D.C. Cir. 1986). To avoid summary judgment, the Plaintiff must state specific facts or present some objective evidence that would enable the court to find an entitlement to relief.

    In an opinion issued the same day as Celotex, the Supreme Court explained the circumstances where summary judgment is appropriate: "if the evidence is merely colorable . . . or is not sufficiently probative . . . summary judgment may be granted . . . [T]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." Anderson, 477 U.S. at 252. Unsupported speculation is not enough to defeat a summary judgment motion; the existence of specific material evidentiary facts must be shown. Fed. R. Civ. P. 56(e) (the nonmoving party may not rest on mere allegations but "must come forward with 'specific facts showing there is a genuine issue for trial."). *See also* Hayes v. Shalala, 902 F.Supp. 259, 263 (D.D.C. 1995) (opposition to summary judgment must consist of more than mere unsupported allegations or denials); Johnson v. Digital Equip. Corp., 836 F.Supp. 14, 18 (D.D.C. 1993) (evidence that is merely colorable or not sufficiently probative is insufficient to defeat summary judgment); Baton v. Powell, 912 F.Supp. 565, 578 (D.D.C. 1996), aff'd, 203 F.3d 51 (D.C. Cir. 1999).

5

The mere existence of some factual dispute will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact.  *See* Anderson, 477 U.S. at 247-248.  Perhaps most significantly, the Court authorized weighing the evidence at the summary judgment stage of litigation, stating that the "purpose of summary judgment is to 'pierce the pleadings, and to assess the proof in order to see whether there is a need for a trial.'" Id.  (citation omitted).  "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." Id. at 249-250 (citations omitted).  If the evidence is "merely colorable, or is not significantly probative," or the record taken as a whole could not "lead a rational trier of fact to find for the nonmoving party, summary judgment is proper."  Id.; Matsushita, 475 U.S. at 587.

Thus, the non-movant cannot manufacture genuine issues of material fact with "some metaphysical doubt as to the material facts," (Matsushita at 586), or with "conclusory allegations . . . unsubstantiated assertions, . . . or a scintilla of evidence."  Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (citations omitted).  Importantly for this case, "[b]y pointing out the absence of evidence to support the nonmoving party's case, the moving party can demonstrate that there is no genuine issue as to any material fact, therefore entitling it to summary judgment." Shelborne v. Runyon, 1997 WL 527352 at **3, citing Celotex, 477 U.S. at 325.

In Celotex, the Supreme Court further instructed that the "(s)ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" Celotex, 477 U.S. at 327 (quoting Fed.R.Civ.P. 1).  A court should grant summary judgment if the moving party submits affirmative evidence that

negates an essential element of the nonmoving party's claims or by demonstrating to the court

that the nonmoving party's evidence is insufficient to establish an essential element of the

nonmoving party's claim.  Celotex, 477 U.S. at 331.

### III.  ARGUMENT

**A.**    **Plaintiff's FOIA Claim Should Be Dismissed As Moot Because He Has Received All Requested Records**

Under Article III, section 2 of the Constitution, federal courts only have jurisdiction to

hear and decide actual "cases" or "controversies." Allen v. Wright, 468 U.S. 737, 750 (1984);

see National Black Police Association v. District of Columbia, 108 F.3d 346, 349 (D.C. Cir.

1997).   This requirement prevents the issuance of advisory opinions, as it demands the existence

of an actual dispute between adverse parties with a stake in the outcome.  See Richardson v.

Ramirez, 418 U.S. 24, 36 (1974); see also City of Erie v. Pap's A.M., 529 U.S. 277, 305-06

(2000) (Scalia, J. concurring).  In fact, "[n]o principle is more fundamental to the judiciary's

proper role in our system of government than the constitutional limitation of federal-court

jurisdiction to actual cases and controversies." Simon v. Eastern Kentucky Welfare Rights Org.,

426 U.S. 26, 37 (1976) (citing Flast v. Cohen, 392 U.S. 83, 95 (1968)).

The case-or-controversy requirement subsists "through all stages of federal judicial

proceedings." Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990).  The effect of post-

complaint changes in the facts or law on the continued existence of a particular controversy are

assessed through the lens of mootness.  See Arizonans for Official English v. Arizona, 520 U.S.

43, 68 n.22 (1997) (quoting United States Parole Comm'n v. Geraghty, 445 U.S. 388, 397

(1980)).

As the Supreme Court has stated, "federal courts are without power to decide questions

that cannot affect the rights of litigants in the case before them." <u>DeFunis v. Odegaard</u>, 416 U.S.

312, 316 (1974) (quoting <u>North Carolina v. Rice</u>, 404 U.S. 244, 246 (1971)); <u>National Black</u>

<u>Police Association</u>, 108 F.3d at 349.  This inability of the federal judiciary "'to review moot

cases derives from the requirement of Article III of the Constitution under which the exercise of

judicial power depends upon the existence of a case or controversy.'" <u>DeFunis</u>, 416 U.S. at 316

(quoting <u>Liner v. Jafco, Inc.</u>, 375 U.S. 301, 306 n.3 (1964)); <u>see also</u> <u>City of Houston v.</u>

<u>Department of Housing and Urban Development</u>, 24 F.3d 1421, 1426 (D.C. Cir. 1994) ("Federal

courts lack jurisdiction to decide moot cases because their constitutional authority extends only

to actual cases or controversies") (quoting <u>Iron Arrow Honor Soc'y v. Heckler</u>, 464 U.S. 67, 70

(1983)).

        "Article III, Section 2 of the Constitution permits federal courts to adjudicate only

'actual, ongoing controversies.'  If events outrun the controversy such that the court can grant no

meaningful relief, the case should be dismissed as moot." <u>McBryde v. Committee to Review</u>

<u>Circuit Council Conduct and Disability Orders of the Judicial Conference of the United States</u>,

264 F.3d 52, 55 (D.C. Cir. 2001) (citations omitted); <u>see also</u> <u>Pharmachemie B.V. v. Barr</u>

<u>Laboratories, Inc.</u>, 276 F.3d 627, 631 (D.C. Cir. 2002); <u>Fraternal Order of Police v. Rubin</u>, 134

F. Supp.2d 39, 41 (D.D.C. 2001) (further noting that no justiciable controversy is presented

when the question to be adjudicated as been mooted by subsequent developments).  In other

words, the controversy must exist at the outset of the litigation and continue throughout the

existence of the suit.  <u>See</u> <u>Columbian Rope Company v. West</u>, 142 F.3d 1313, 1316 (D.C. Cir.

1998) (citing <u>Arizonans for Official English</u>, 520 U.S. 43).  As this Circuit has explained:

> [E]ven where litigation poses a live controversy when filed, the [mootness]
> doctrine requires a federal Court to refrain from deciding it if "events have so
> transpired that the decision will neither presently affect the parties' rights nor

8

have a more-than-speculative chance of affecting them in the future."

Columbian Rope, 142 F.3d at 1316 (quoting Clarke v. United States, 915 F.2d 699, 701 (D.C.

Cir. 1990) (en banc)).  See also Westmoreland v. National Transportation Safety Board, 833 F.2d

1461, 1462 (11th Cir. 1987) ("When effective relief cannot be granted because of later events,

the appeal must be dismissed as moot.")  (citing Murphy v. Hunt, 455 U.S. 478, 481 (1982)).[2]

In this case, the Court lacks subject matter jurisdiction because events subsequent to the

filing of Plaintiff's Complaint have provided Plaintiff with his requested relief and ended any

live controversy between the parties.

Plaintiff's Complaint sought for this Court to order Defendant to produce certain records

pursuant to the FOIA.  On January 4, 2008, Defendant provided Plaintiff with those records.

(Fraer Decl. at ¶11.)  Moreover, no withholdings were identified. (Id. at ¶10.)  Plaintiff has,

therefore, received the relief sought through the Complaint, and there is no longer any judicial

function for the Court to perform.

In cases brought under the FOIA, once all documents have been released to the requester,

a case is properly dismissed on mootness grounds as there is no further judicial function for the

Court to perform.  See Crooker v. United States State Department, 628 F.2d 9, 10 (D.C. Cir.

1980) ("[o]nce the records are produced [in a FOIA case] the substance of the controversy

disappears and becomes moot since the disclosure which the suit seeks has already been made");

see also Tijerina v. Walters, 821 F.2d 789, 799 (D.C. Cir. 1987);  Trueblood v. Dep't of

---

[2]  Mootness has been described as "'the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness).'"  United States Parole Comm'n v. Geraghty, 445 U.S. 388, 397 (1980) (quoting Monaghan, Constitutional Adjudication: The Who and When, 82 Yale L.J. 1363, 1384 (1973)).

Treasury, 943 F. Supp. 64, 67 (D.D.C. 1996).

Defendant's mootness argument also finds support in other causes of action where a plaintiff's complaint seeks action on the part of a federal agency, and the action is performed during the pendency of the case. For example, in Action on Smoking and Health v. Department of Labor, 28 F.3d 162, 163 (D.C. Cir. 1994), the plaintiff claimed that OSHA had "unreasonably delayed" in initiating a rulemaking proceeding. Once OSHA issued a notice of proposed rulemaking, however, the Court found it unnecessary to reach the merits of the claim and dismissed on the basis of mootness. Id. at 164. Similarly, in Shoreham-Wading River Central School District v. United States Nuclear Regulatory Commission, 931 F.2d 102, 104 (D.C. Cir. 1991), petitioners filed a claim for relief based upon the Nuclear Regulatory Commission's "failure to decide" a request for action under 10 C.F.R. § 2.206. Once the Commission issued the final decision, "the unlawful delay claim [was] therefore moot." See also In re International Union, United Mine Workers of America, 231 F.3d 51, 54 (D.C. Cir. 2000); In re Arcadian Corp., 1995 WL 626501 (D.C. Cir. Oct. 4, 1999) (dismissing as moot petition to compel issuance of OSHA decision once decision rendered and entered into the public record); Associated Builders & Contractors, Inc. v. Herman, 976 F. Supp. 1, 8 (D.D.C. 1997) (claim attacking delay moot once rulemaking issued).

Drawing upon these cases, it is clear that dismissal on mootness grounds is warranted based upon events subsequent to the filing of the complaint. The FOIA claim sought only to compel Defendant to produce the requested records. (Compl.) Plaintiff has received this relief. (Fraer Decl. ¶ 11.) Even if plaintiff had a viable claim at the time he filed the Complaint Plaintiff has now received the decision sought. Federal Rule of Civil Procedure 12(h)(3) directs that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks

jurisdiction over the subject matter, the court shall dismiss the action." Therefore, Plaintiff's claim should be dismissed as moot.

> **B.      Defendant Is Entitled To Summary Judgment As A Reasonable And Adequate Search For Responsive Records Has Been Conducted.**

To the extent Plaintiff challenges the adequacy of the search for responsive records, Defendant is entitled to Summary Judgment. The declarations filed from Mr. Fraer and Ms. Gaffney-Smith as exhibits to this Motion establish that agency personnel conducted a thorough search of Corp's Headquarters before determining that the Baltimore District's Regulatory Branch was the only location in which the requested records might be located, culminating in 438 pages of documents and 19 oversized drawings being released to Plaintiff. (Fraer Decl. ¶ 9); (Gaffney-Smith Decl ¶ 8.).

In order for an agency to prevail when a Plaintiff challenges the nature and extent of its search for responsive documents, the agency must show that it made "a good-faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested." Nation Magazine v. United States Customs Serv., 71 F.3d 885, 890 (D.C. Cir. 2003) (quoting Oglesby v. United States Dep't of the Army, 920 F.2d 57, 68 (D.C. Cir. 1990). If an agency can establish that no responsive records exists, or that all responsive records have been released to the requester, then the agency's refusal to produce them should not be deemed an "improper" withholding and summary judgment should be granted. Coalition on Political Assassinations v. DOD, 12 Fed. Appx. 13, 14 (D.C. Cir. 2001) (finding search to be adequate even though no records were located; "[t]hat responsive documents may have once existed does not establish that they remain in the DOD's custody today").

In this case, Defendant released all records that it located after using reasonable efforts to

locate responsive records where those records would most likely exist. The fundamental question is not "whether there might exist any other documents possibly responsive to the request, but rather whether the search for those documents was adequate." Steinberg v. United States Dep't of Justice, 23 F.3d 548, 551 (D.C. Cir. 1994) (quoting Weisberg v. United States Dep't of Justice, 745 F.2d 1476, 1485 (D.C. Cir. 1984)). In other words, "the focus of the adequacy inquiry is not on the results." Hornbostel v. United States Dep't of the Interior, 305 F. Supp. 2d 21, 28 (D.D.C. 2003).

The reasonableness of the agency's search depends on the facts of each case. Meeropol v. Meese, 790 F.2d 942, 952 (D.C. Cir. 1986) (search is not unreasonable simply because it fails to produce all relevant materials). The reasonableness of a search is evaluated in light of the specificity of the request. Nation Magazine, 71 F.3d at 889. Further, the agency is "not obligated to look beyond the four corners of the request for leads to the location of responsive documents." Kowalczyk v. DOJ, 73 F.3d 386, 389 (D.C. Cir. 1996) (holding that agency is not required to speculate about potential leads). Agencies are not obligated to document the fate of records it cannot find. Roberts v. United States Dep't of Justice, No. 92-1707, 1995 WL 356320, at *2 (D.D.C. Jan. 28, 1993); Miller v. United States Dep't of State, 779 F.2d 1378, 1383 (8th Cir. 1985) ("the Department is not required by the Act to account for documents which the requester has in some way identified if it has made a diligent search for those documents in places in which they might be expected to be found.").

In demonstrating the reasonableness of a search an agency may rely upon reasonably detailed, non-conclusory affidavits submitted in good faith. Weisberg, 705 F.2d at 1352. "Affidavits that explain in reasonable detail the scope and methods of the search conducted by the agency will suffice to demonstrate compliance with the obligations imposed by the Freedom

of Information Act." Perry v. Block, 684 F.2d 121, 127 (D.C. Cir. 1982). Such affidavits should show "that the search method was reasonably calculated to uncover all relevant documents." Oglesby, 920 F.2d at 68." An adequate agency affidavit is accorded a presumption of good faith. Chilingirian v. United States Attorney Executive Office, 71 Fed. Appx. 571, 572 (6th Cir. 2003); Ground Saucer Watch, Inc. v. Central Intelligence Agency, 692 F.2d 770, 771 (D.C. Cir. 1982).

Once an agency has provided adequate affidavits, the burden shifts back to the plaintiff to demonstrate a lack of a good faith search. Maynard v. CIA, 986 F.2d 547, 560 (1st Cir. 1993) (citing Miller, 779 F.2d at 1383. Consequently, a requester's "[m]ere speculation that as yet uncovered documents may exist does not undermine the finding that the agency conducted a reasonable search for them." Oglesby, 920 F.2d at 67, n. 13 ("[H]ypothetical assertions are insufficient to raise a material question of fact with respect to the adequacy of the agency's search."); Chamberlain v. United States Dep't of Justice, 957 F. Supp. 292, 294 (D.D.C. 1997) ("It is well established that '[a]gency affidavits enjoy a presumption of good faith that withstand[s] purely speculative claims about the existence and discoverability of other documents," (quoting Albuquerque Publ'g Co. v. United States Dep't of Justice, 726 F. Supp. 851, 860 (D.D.C. 1989)). Therefore, if plaintiff fails to rebut the agency affidavits with evidence of bad faith, summary judgment is proper. Miller, 779 F.2d at 1383.

Plaintiff has received 438 pages of documents and 19 oversized drawings in response to his FOIA request. (Fraer Decl. ¶¶ 9-11.) In this case, the agency conducted a more than reasonable and adequate search for responsive records by employing a method reasonably expected to produce such information, as evidenced by the attached declarations of Mr. Michael S. Fraer and Ms. Margaret Gaffney-Smith. The declarations demonstrate that a good faith, reasonable search for responsive records was conducted.

13

In summary, Defendant put forth a "good faith effort to conduct a search for responsive documents" by searching in the area where such records were likely to be found.  Olgesby, 920 F.2d at 68.  Therefore, absent allegations and proof of agency bad faith in conducting its search, Defendant is entitled to summary judgment in this case.

## IV.  CONCLUSION

For all these reasons, the Court should dismiss this action, or alternatively, enter summary judgment in favor of Defendant.

Respectfully submitted,

_____/s/_____
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

_____/s/_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

_____/s/_____
BRIAN C. BALDRATE
Special Assistant United States Attorney
555 Fourth Street, N.W.,
Washington, D.C.  20530
(202) 353-9895
Attorneys for Defendant

OF COUNSEL:
CARL JEFFREY LORENZ
Assistant District Counsel
United States Army Engineer District, Baltimore

PATRICIA M. RYAN
Assistant District Counsel
United States Army Engineer District, Baltimore

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

|                                         |     |                                  |
|-----------------------------------------|-----|----------------------------------|
| **JAMES R. SHORT,**                     | )   |                                  |
|                                         | )   |                                  |
| **Plaintiff,**                          | )   |                                  |
|                                         | )   |                                  |
| **v.**                                  | )   | **Civil Action No. 07-2260 (RMC)** |
|                                         | )   |                                  |
| **UNITED STATES ARMY**                  | )   |                                  |
| **CORPS OF ENGINEERS**                  | )   |                                  |
|                                         | )   |                                  |
| **Defendant.**                          | )   |                                  |

_____)

## STATEMENT OF MATERIAL FACTS NOT IN DISPUTE

1.  Defendant, The United States Army Corps of Engineers ("Corps") is a component of the Department of the Army, which is headquartered in the District of Columbia.

2.  The Corps' Baltimore District, Operations Division Regulatory Branch, has administrative custody and control over all regulatory permit matters within the Corps' Baltimore District. (Def Ex. A, Fraer Decl. ¶ 8.)

3.  The Baltimore District's Regulatory Branch administers the Corps' regulatory program under Section 404 of the Clean Water Act[1] and Section 10 of the Rivers and Harbors Act[2] for the State of Maryland, that portion of the Commonwealth of Pennsylvania within the Susquehanna River basin, the District of Columbia, and on certain military installations in the Commonwealth of Virginia. The Corps' role under these authorities includes making jurisdictional determinations relating to the extent of waters of the United States, making permit decisions regarding discharge of dredged and fill material into waters of the United States, making permit decisions regarding dredging and structures in navigable waters of the United

---

[1]  33 U.S.C. § 1344.
[2]  33 U.S.C. §  403.

States, and enforcement of permit non-compliance and unpermitted activities arising under these statutes. After a thorough search of the Corps' Headquarters it was determined that the Baltimore District's Regulatory Branch was the only location where responsive records existed. (Fraer Decl. ¶ 8); (Def. Ex. B, Gaffney-Smith Decl. ¶ 5.)

4. On January 16, 2007, Mr. James R. Short (Plaintiff), through counsel, wrote to Mr. Michael Fraer, the Baltimore District Freedom of Information Act (FOIA) Coordinator, and requested records with respect to Lot 64, a parcel owned by his client, which Plaintiff described as "a parcel located in Ocean Pines Section 15B, Lot 64, Tax Map 21, Parcel 68 (the 'Parcel')" (Compl., Ex. 6.) Plaintiff requested "all documents in the possession, custody or control of the Corps with respect to the Parcel including but not limited to any and all wetlands delineations, conservation easements, correspondence generated by the Corps in response to the JD application, and any internal memorandum or other documents generated by the Corps in connection with the JD application." (Id.)

5. On February 1, 2007, Mr. Fraer sent a reply letter to Mr. Urgo that "A preliminary determination has been made to grant your request. Once the responsive records have been received and reviewed by this office, all releasable documents will be sent to you." (Compl. ¶ 14); (Fraer Decl. ¶ 5.)

6. Unfortunately, through internal administrative error, the Baltimore District did not act upon the FOIA request until it was reminded on December 31, 2007, that there was an outstanding request when it became aware of the subject suit that had been filed in the U.S. District Court for the District of Columbia. (Gaffney-Smith Decl. ¶ 3.)

7. On January 3 and January 4, 2008, Defendant performed a thorough and reasonable search for

the records responsive to the FOIA request.  Responsive records were located and reproduced for the requester.  (Gaffney-Smith Decl. ¶¶ 5-7); (Fraer Decl. ¶ 11.)

8.  Documents responsive to the FOIA request consist of 438 pages of documents and 19 oversized drawings.  No documents were withheld as exempt. (Gaffney-Smith Decl. ¶ 8); (Fraer Decl. ¶¶ 9 -11.)

9.  Documents responsive to the FOIA request were sent to the requester via Federal Express on January 4, 2008, and received in the offices of the requestor the morning of January 7, 2008.  (Fraer Decl. ¶ 11); (Gaffney-Smith Decl. ¶ 12.)

10.  This mailing of records to Plaintiff was the full provision of all records responsive to his above-referenced FOIA request.  All of these records were provided without redaction of any kind, so the Corps has no remaining records responsive to this FOIA request that have not been provided in full to Plaintiff. (Fraer Decl. ¶ 11); (Gaffney-Smith Decl. ¶ 7.)

Respectfully submitted,

_____/s/_____
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

_____/s/_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

_____/s/_____
BRIAN C. BALDRATE
Special Assistant United States Attorney
555  4th Street, N.W.
Washington, D.C.  20530
(202) 353-9895
Attorneys for Defendant

3

# Exhibit A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|                                   |     |                                        |
|-----------------------------------|-----|----------------------------------------|
| **JAMES R. SHORT,**               | )   |                                        |
|                                   | )   |                                        |
| **Plaintiff,**                    | )   |                                        |
|                                   | )   |                                        |
| **v.**                            | )   | **Civil Action No. 1:07 CV 02260 (RMC)** |
|                                   | )   |                                        |
| **UNITED STATES ARMY**            | )   |                                        |
| **CORPS OF ENGINEERS**            | )   |                                        |
|                                   | )   |                                        |
| **Defendant.**                    | )   |                                        |

### DECLARATION OF MICHAEL S. FRAER

1. I, Michael S. Fraer, am the Freedom of Information Act ("FOIA") Coordinator, United States Army Corps of Engineers, Baltimore District ("USACE Baltimore"), Baltimore, Maryland.

2. Pursuant to my official duties in that position, I am familiar with the records and events described in this declaration.

3. The plaintiff in the above-captioned civil case, James R. Short, is a real estate developer in Worcester County, Maryland. Mr. Short is represented by Steven D. Urgo, Esquire, an attorney with the law firm of Obermayer, Rebmann, Maxwell & Hippell, LLC ("Obermayer"). The defendant is the USACE.

4. In this case, plaintiff is seeking the production of documents pursuant to the FOIA with respect to Lot 64, a parcel owned by his client, Mr. James R. Short, which Plaintiff described specifically as located in Ocean Pines Section 15B, Lot 64, Tax Map 21, Parcel 68 (the "Parcel"). Plaintiff requested all documents including but not limited to those records generated by the Corps in response to or in connection with a Jurisdictional Determination ("JD") application for Lot 64 first filed October 11, 2002. See Exhibit 1 (January 16, 2007, email) and Exhibit 2 (January 16, 2007, letter) attached hereto.

5. By letter dated February 1, 2007, this office made an initial reply to plaintiff's FOIA request. See Exhibit 3 (February 1, 2007, letter) attached hereto.

6. By memorandum dated February 6, 2007, this office forwarded the plaintiff's request to the Baltimore District Regulatory Branch. See Exhibit 4 (February 6, 2007, memorandum) attached hereto.

7. By email, plaintiff's counsel inquired, on March 8, 2007, as to the status of the FOIA request. In an April 4, 2007 email, declarant informed plaintiff's counsel that he was out of town at a training conference from March 3-9, 2007. When declarant returned, there were approximately 100 emails in his inbox, and the email from plaintiff's counsel was inadvertently deleted. See Exhibit 5 (March 8, 2007 – April 4, 2007 email string) attached hereto.

8. By memorandum dated April 4, 2007, this office forwarded a follow-up request to the Baltimore District Regulatory Branch. See Exhibit 6 (April 4, 2007 memorandum) attached hereto.

9. The records at issue were located in the Regulatory Branch, Operations Division, USACE Baltimore, 10 South Howard Street, Baltimore, Maryland 21201. This Branch has administrative custody and control over all regulatory permit matters within USACE Baltimore. As such, this is the only location in which the requested records might have been located. They

2

were located by a thorough search of the records in the Regulatory Branch. The responsive records consisted of 438 pages of documents and 19 pages of oversized drawings.

10. These records and drawings were reviewed for possible withholdings under the withholding exemptions of the FOIA. No documents were withheld or redacted.

11. On January 4, 2008, the 438 pages of documents and 19 pages of oversized drawings were sent by Federal Express to plaintiff's counsel. This mailing of records to plaintiff's counsel was the full provision of all records provided that were responsive to plaintiff's FOIA request. All of these records were provided without redaction of any kind. In order to expedite the response, USACE Baltimore's letter accompanying the responsive records informed plaintiff that the fee calculation for this request would be forwarded the next week. See Exhibit 7 (January 4, 2008, letter) attached hereto. The responsive records were received by "E. Bowles" in plaintiff's counsel's Philadelphia office at 8:22 AM, January 7, 2008. See Exhibit 8 (Track Shipments/FedEx Kinko's Orders Detailed Results) attached hereto.

12. On January 10, 2008, a letter explaining the fee calculations for this request was forwarded to plaintiff's counsel. See Exhibit 9 (January 10, 2008, letter) attached hereto.

I declare under penalty of perjury that the foregoing is true and correct. Executed on March 31, 2008. Executed under 28 U.S.C. 1746.

Michael S. Fraer
FOIA Coordinator
US Army Corps of Engineers,
Baltimore District
10 South Howard Street
Baltimore, Maryland 21201

3

# Exhibit 1

## Fraer, Michael S NAB02

| | |
|---|---|
| **From:** | Urgo, Steven [Steven.urgo@obermayer.com] |
| **Sent:** | Tuesday, January 16, 2007 11:36 AM |
| **To:** | Fraer, Michael S NAB02 |
| **Subject:** | FOIA Request |

**Attachments:**       PH1-#4120528-v1-pdf_letter_Army_Corps_of_Engineers.PDF



PH1-#4120528-v1-
pdf_letter_Arm...

        Dear Mr. Fraer: Per our conversation earlier today, attached please find a
FOIA request regarding a Worchester County property.  Please feel free to contact me with
any questions.  Thanks.


The information in this email is confidential and may be legally privileged.  It is
intended solely for the addressee.  Access to this email by anyone else is unauthorized.
If you are not the intended recipient, any disclosure, copying, distribution or any action
or inaction taken in reliance upon it is prohibited and may be unlawful.  If you believe
that you have received this email in error, please contact the sender.


Steven D. Urgo, Esquire

Member NY, NJ & PA Bars

Obermayer Rebmann Maxwell & Hippel, LLP One Penn Center
1617 JFK Boulevard, 19th Floor
Philadelphia, PA 19103-1895
phone: 215-665-3122
fax: 215-665-3165

http://www.obermayer.com <http://www.obermayer.com/>

http://www.obermayer.com/AttorneyDetails.php?action=view&id=87
<http://www.obermayer.com/AttorneyDetails.php?action=view&id=87>

1

# Exhibit 2



**OBERMAYER**

REBMANN MAXWELL & HIPPEL LLP

*Attorneys At Law*
**Steven D. Urgo**
215-665-3122
steven.urgo@obermayer.com
Member NY, NJ & PA Bars

One Penn Center – 19th Floor
1617 John F. Kennedy Boulevard
Philadelphia, PA 19103-1895
215-665-3000
Fax  215-665-3165
www.obermayer.com

**VIA EMAIL AND**
**FIRST CLASS MAIL**

January 16, 2007

US Army, Corps of Engineers
Baltimore District
PO Box 1715
Baltimore, MD 21203-1715

Attention:    Michael S. Fraer

Re:    **JD Determination – Tracking No. 20036062**

Dear Mr. Fraer:

Thank you for speaking with me today. As discussed, this is a request made pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. §552, *et seq.*, as amended.

My firm represents Mr. James R. Short in connection with his joint application for a jurisdictional determination on a parcel of property located in Worchester County, Maryland. The JD application was first submitted to the U.S. Army Corps of Engineers by the Maryland Department of Environment on or about October 11, 2002. The JD application concerns a parcel located in Ocean Pines Section 15B, Lot 64, Tax Map 21, Parcel 68 (the "Parcel").

We hereby request that you provide us with copies of all documents in the possession, custody or control of the Corps with respect to the Parcel, including but not limited to any and all wetlands delineations, conservation easements, correspondence generated by the Corps in response to the JD application, and any internal memorandum or other documents generated by the Corps in connection with the JD application.

To the extent there are charges associated with providing copies of the Corps file on this matter, please advise us of the amount of any fees required for this information pursuant to FOIA. We will pay these fees upon request. Please call if you have any questions.

Very truly yours,

Steven D. Urgo

SDU/dct

**Over a Century of Solutions**

4120501

Philadelphia          Harrisburg          Pittsburgh          Cherry Hill          Vineland          Wilmington
Pennsylvania          Pennsylvania          Pennsylvania          New Jersey          New Jersey          Delaware

# Exhibit 3



**DEPARTMENT OF THE ARMY**
BALTIMORE DISTRICT, CORPS OF ENGINEERS
P.O. BOX 1715
BALTIMORE, MARYLAND 21203-1715

February 1, 2007

Office of Counsel

SUBJECT: Freedom of Information Act (FOIA) Request from Steven D. Urgo, Esquire
(FOIA 07-021)

Steven D. Urgo, Esquire
Obermayer, Rebmann, Maxwell & Hippel, LLP
One Penn Center – 19th Floor
1617 John F. Kennedy Boulevard
Philadelphia, PA 19103-1895

Dear Mr. Urgo:

   Reference your recent FOIA request letter in which you requested record(s) pertaining to
a JD application for a parcel of property located in Ocean Pines Section 15B, Lot 64, Tax Map
21, Parcel 68, Worcester County, Maryland.

   A preliminary determination has been made to grant your request. Once the responsive
records have been received and reviewed by this office, all releasable documents will be sent to
you.

   If you have any questions relating to this matter, kindly call me at (410) 962-2448.

                              Sincerely,


                              Michael S. Fraer
                              Legal Assistant

# Exhibit 4

S:   27 February 2007

CENAB-OC                                                               6 February 2007

MEMORANDUM FOR Chief. Regulatory Branch

SUBJECT:   Freedom of Information Act  (FOIA) Request From Steven D. Urgo, Esquire, (FOIA No. 07-021)

1.  Steven D. Urgo, Esquire, an attorney with Obermayer, Rebmann, Maxwell & Hippel, LLP, has requested record(s) pertaining to a JD application for a parcel of property located in Ocean Pines Section 15B, Lot 64, Tax Map 21, Parcel 68, Worcester County, Maryland (Encl 1).

2.  Kindly have the proper action officer provide me with two copies of any responsive records (one for the requester and one for the District's FOIA files).

3.  Please have the individual assigned to this action fill out the attached DD Form 2086 and return it with the responsive records (Encl 2).

4.  The point of contact for this matter in the Office of Counsel is the undersigned at 2-2448.


Encl                                                              MICHAEL S. FRAER
as                                                                Legal Assistant

# Exhibit 5

**Fraer, Michael S NAB02**

| | |
|---|---|
| **From:** | Fraer, Michael S NAB02 |
| **Sent:** | Wednesday, April 04, 2007 10:36 AM |
| **To:** | 'Urgo, Steven' |
| **Subject:** | RE: FOIA 07-021 |

That's hard to say.  It depends on the volume of records we're talking about, the workload of the office where the records are located, the workload of the attorney assigned to review the records, etc., but I would hope for no more than maybe a month to a month and a half.

-----Original Message-----
From: Urgo, Steven [mailto:Steven.urgo@obermayer.com]
Sent: Wednesday, April 04, 2007 10:28 AM
To: Fraer, Michael S NAB02
Subject: RE: FOIA 07-021

Michael - thank you very much for getting back to me.  Do you have any timeframe for when you will receive the requested records for your review?

-----Original Message-----
From: Fraer, Michael S NAB02
[mailto:Michael.S.Fraer@nab02.usace.army.mil]
Sent: Wednesday, April 04, 2007 10:25 AM
To: Urgo, Steven
Subject: RE: FOIA 07-021

Dear Mr. Urgo,

First, let me apologize for not responding to your emails sooner.  I was out of the office at a training conference from March 3-9.  When I got back in to the office next week, I had close to 100 emails waiting for me, and I inadvertently deleted yours.

When I receive a FOIA request, I send a memo to the records holder, along with a copy of the request, directing them to provide me two copies of the requested records.  It appears that the records holder never received my memo.  I have resubmitted the memo, and as soon as I receive the records and review them, any releasable records will be forwarded to you.

Michael S. Fraer
Office of Counsel
US Army Corps of Engineers, Baltimore District
(410) 962-2448


-----Original Message-----
From: Urgo, Steven [mailto:Steven.urgo@obermayer.com]
Sent: Tuesday, March 27, 2007 3:24 PM
To: Fraer, Michael S NAB02
Cc: McGovern, Joseph; Nick De Gennaro
Subject: FW: FOIA 07-021

Dear Mr. Fraer - please afford me the courtesy of a response to my email of March 8th. Thanks.

---

From: Urgo, Steven
Sent: Thursday, March 08, 2007 10:03 AM
To: 'Michael.s.fraer@nab02.usace.army.mil'
Subject: FOIA 07-021

1

Dear Mr. Fraer:  Please allow this to acknowledge receipt of your February 1, 2007 letter regarding the above FOIA request.  Since the 20-day statutory response time has expired, kindly advise me as to when I can expect to receive the requested documents. Thank you for your assistance.

Regards,

Steven D. Urgo

The information in this email is confidential and may be legally privileged. It is intended solely for the addressee.  Access to this email by anyone else is unauthorized.  If you are not the intended recipient, any disclosure, copying, distribution or any action or inaction taken in reliance upon it is prohibited and may be unlawful.  If you believe that you have received this email in error, please contact the sender.

Steven D. Urgo, Esquire

Member NY, NJ & PA Bars

Obermayer Rebmann Maxwell & Hippel, LLP One Penn Center
1617 JFK Boulevard, 19th Floor
Philadelphia, PA 19103-1895
phone: 215-665-3122
fax: 215-665-3165

http://www.obermayer.com <http://www.obermayer.com/>

http://www.obermayer.com/AttorneyDetails.php?action=view&id=87
<http://www.obermayer.com/AttorneyDetails.php?action=view&id=87>

# Exhibit 6

S:   25 April 2007

CENAB-OC

4 April 2007

MEMORANDUM FOR Chief. Regulatory Branch

SUBJECT:   Freedom of Information Act (FOIA) Request From Steven D. Urgo, Esquire, (FOIA No. 07-021)

1. Steven D. Urgo, Esquire, an attorney with Obermayer, Rebmann, Maxwell & Hippel, LLP, has requested record(s) pertaining to a JD application for a parcel of property located in Ocean Pines Section 15B, Lot 64, Tax Map 21, Parcel 68, Worcester County, Maryland (Encl 1).

2. Kindly have the proper action officer provide me with two copies of any responsive records (one for the requester and one for the District's FOIA files).

3. Please have the individual assigned to this action fill out the attached DD Form 2086 and return it with the responsive records (Encl 2).

4. The point of contact for this matter in the Office of Counsel is the undersigned at 2-2448.

Encl
as

MICHAEL S. FRAER
Legal Assistant

# Exhibit 7



**DEPARTMENT OF THE ARMY**
BALTIMORE DISTRICT, CORPS OF ENGINEERS
P.O. BOX 1715
BALTIMORE, MARYLAND 21203-1715

January 4, 2008

Office of Counsel

SUBJECT: Freedom of Information Act (FOIA) Request from Steven D. Urgo, Esquire
(FOIA Tracking Number 07-021)

Steven D. Urgo, Esquire
Obermayer, Rebmann, Maxwell & Hippel, LLP
One Penn Center – 19th Floor
1617 John F. Kennedy Boulevard
Philadelphia, PA 19103-1895

Dear Mr. Urgo:

Reference your FOIA request letter in which you requested record(s) pertaining to a JD application for a parcel of property located in Ocean Pines Section 15B, Lot 64, Tax Map 21, Parcel 68, Worcester County, Maryland.

Enclosed please find your copy of the requested records. We want to sincerely apologize for the delay in processing your request. After an initial inquiry, we have determined that your request was likely lost due to a retirement in the division where the records are held.

In order to expedite your records to you, we are sending them via Federal Express. To avoid further delay, we will contact you next week once we have calculated the appropriate fees.

In the future should you have any concerns about a FOIA request with this District, please feel free to call me at (410) 962-3385.

Sincerely,

Patricia M. Ryan
Assistant District Counsel

# Exhibit 8

Track Shipments/FedEx Kinko's Orders                                ⑦ **Quick Help**
**Detailed Results**

| | | | | | |
|---|---|---|---|---|---|
| **Tracking number** | 853104258998 | **Delivered to** | Mailroom | | |
| **Signed for by** | E.BOWLES | **Service type** | Priority Box | | |
| **Ship date** | Jan 4, 2008 | **Weight** | 10.0 lbs. | | |
| **Delivery date** | Jan 7, 2008 8:22 AM | | | | |

**Status**          Delivered

**Signature image available**          <u>Yes</u>

| Date/Time | | Activity | Location | Details |
|---|---|---|---|---|
| Jan 7, 2008 | 8:22 AM | Delivered | | |
| | 7:37 AM | On FedEx vehicle for delivery | PHILADELPHIA, PA | |
| | 7:02 AM | At local FedEx facility | PHILADELPHIA, PA | |
| | 3:59 AM | At dest sort facility | LINWOOD, PA | |
| Jan 5, 2008 | 8:00 PM | Departed FedEx location | NEWARK, NJ | |
| Jan 4, 2008 | 9:08 PM | Left origin | LINTHICUM HEIGHTS, MD | |
| | 5:12 PM | Picked up | LINTHICUM HEIGHTS, MD | |

| Signature proof | E-mail results | Track more shipments/orders |
|---|---|---|

Subscribe to tracking updates (optional)

**Your Name:**                                   **Your E-mail Address:**

| E-mail address | Language | Exception updates | Delivery updates |
|---|---|---|---|
| | English | ■ | ☐ |
| | English | ■ | ☐ |
| | English | ■ | ☐ |
| | English | ■ | ☐ |

**Select format:** ◉ HTML  ○ Text  ○ Wireless
**Add personal message:**                                                    ⌃

Not available for Wireless or non-English characters.                        ⌄

☐ By selecting this check box and the Submit button, I agree to these <u>Terms and Conditions</u>          Submit



FedEx Express
Customer Support Trace
3875 Airways Boulevard
Module H, 4th Floor
Memphis, TN 38116

U.S. Mail: PO Box 727
Memphis, TN 38194-4643

Telephone: 901-369-3600

January 18,2008

Dear Customer:

The following is the proof of delivery you requested with the tracking number **853104258998**.

## Delivery Information:

| | | | |
|---|---|---|---|
| **Status:** | Delivered | **Delivery date:** | Jan 7, 2008 08:22 |
| **Signed for by:** | E.BOWLES | | |
| **Service type:** | Priority Box | | |



## Shipping Information:

| | | | |
|---|---|---|---|
| **Tracking number:** | 853104258998 | **Ship date:** | Jan 4, 2008 |
| | | **Weight:** | 10.0 lbs. |

| **Recipient:** | **Shipper:** |
|---|---|
| US | US |

Thank you for choosing FedEx Express.

FedEx Worldwide Customer Service
1.800.GoFedEx 1.800.463.3339

# Exhibit 9



**DEPARTMENT OF THE ARMY**
BALTIMORE DISTRICT, CORPS OF ENGINEERS
P.O. BOX 1715
BALTIMORE, MARYLAND 21203-1715

January 10, 2008

Office of Counsel

SUBJECT: Freedom of Information Act (FOIA) Request from Steven D. Urgo, Esquire
(FOIA Tracking Number 07-021)

Steven D. Urgo, Esquire
Obermayer, Rebmann, Maxwell & Hippel, LLP
One Penn Center – 19th Floor
1617 John F. Kennedy Boulevard
Philadelphia, PA 19103-1895

Dear Mr. Urgo:

Reference your FOIA request letter in which you requested record(s) pertaining to a JD application for a parcel of property located in Ocean Pines Section 15B, Lot 64, Tax Map 21, Parcel 68, Worcester County, Maryland.

In order to expedite your records to you, we sent them to you last week via Federal Express and told you that we would calculate the appropriate fees and contact you this week. The response consists of 457 pages. We have determined that they are appropriate for release without excision. Although portions of this material could be withheld pursuant to FOIA Exemption 5, 5 U.S.C. 552 (b) 5, I have determined in this instance that such material may be disclosed as a matter of agency discretion.

We charged you $68.55 (457 pages at 15 cents per page) for reproduction costs. We also charged you $264.00 for search and review costs (6 hours at $44.00 per hour). Please send a check made payable to the Finance and Accounting Officer, Baltimore District, in the amount of $332.55. A postage-paid envelope is enclosed for your convenience. Please annotate FOIA No. 07-021 on your check or correspondence.

In the future should you have any concerns about a FOIA request with this District, please feel free to call me at (410) 962-3385.

Sincerely,

Patricia M. Ryan
Assistant District Counsel

Exhibit B

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **JAMES R. SHORT,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )**Civil Action No. 1:07 CV 02260 (RMC)** |
| | ) |
| **UNITED STATES ARMY** | ) |
| **CORPS OF ENGINEERS** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

## DECLARATION OF MARGARET GAFFNEY-SMITH

Declaration: Discovery Search By Active Agency Component

DECLARTION OF AGENCY OFFICIAL RESPONSIBLE FOR RECORDS SEARCH

I, MARGARET GAFFNEY SMITH, do hereby declare:

1. I am the Chief of the Regulatory Branch (Branch) for the U.S. Army Corps of Engineers Baltimore District.

2. On behalf of the Department of the Army, I was responsible for coordinating the search for documents responsive to the Freedom of Information Act (FOIA) request made by counsel for Mr. James Short on January 16, 2007.

3. On December 31, 2007 I learned that Mr. Short had an outstanding FOIA request with the Baltimore District when I was made aware that counsel for Mr. Short had filed the subject lawsuit in the U.S. District Court for the District of Columbia.

4. I have reviewed the FOIA request, which sought records with respect to Lot 64, a parcel owned by his client, Mr. James R. Short, which Plaintiff described specifically as located in Ocean Pines Section 15B, Lot 64, Tax Map 21, Parcel 68 (the "Parcel").

Plaintiff requested all documents including but not limited to those records generated by the Corps in response to or in connection with a Jurisdictional Determination ("JD") application for Lot 64 first filed October 11, 2002.

5. After making inquiry of the Branch's administrative staff and the Section Chief for the county where the property in question is located regarding the status of the FOIA request, it was determined that responsive records did exist in the Branch Office. I also called the U.S. Army Corps of Engineers Headquarters office, where I worked prior to becoming Branch chief in the Baltimore District, and though I had a telephone conversation with one of Mr. Short's attorneys regarding the lot, no documents exist of that conversation.

6. On January 3, and January 4, 2008, Mr. Woody Francis, a Branch employee with responsibilities that include permit evaluation, compliance, and enforcement in Worcester County, Maryland, performed a thorough search of files relating to lot 64 in section 15B of Ocean Pines.

7. After exercising due diligence and engaging in a thorough and reasonable search of the records of the Baltimore District, Regulatory Branch on January 3 and 4, 2008, all records responsive to the FOIA request were located in the Baltimore District and reproduced for the requester.

8. Documents responsive to the FOIA request consist of 438 pages of documents and 19 oversized drawings from project files. No documents were withheld for privilege or redacted.

9. On January 4, 2008, the Baltimore District sent the requested records to the requestor via Federal Express for next business day delivery. See Fraer Declaration Exhibit 7.

10. The subject records were received at the law offices of Plaintiff's Counsel the morning of January 7, 2008. See Fraer Declaration Exhibit 8.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on:    _31 March 2008_

_Margaret E. Gaffney-Smith_

Margaret Gaffney-Smith,
Chief, Regulatory Branch
U.S. Army Corps of Engineers,
Baltimore District

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____
                          )

**JAMES R. SHORT**             )

         **Plaintiff,**      )

                          )

     **v.**                   )      **Civil Action No. 07-2260 (RMC)**

                          )

**UNITED STATES**         )

**ARMY CORPS OF ENGINEERS**    )

                          )

         **Defendant.**     )

_____)

## ORDER

Upon consideration of Defendant's Motion to Dismiss, and the entire record of this case,

it is hereby

**ORDERED** that Defendant's Motion to Dismiss is **GRANTED**, and it is

**FURTHER ORDERED** that Plaintiff's Complaint is dismissed with prejudice.

Dated this _____ day of _____, 2008.

_____
ROSEMARY M. COLLYER
United States District Judge

Copies to Parties via ECF