UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                    )
JAMES R. SHORT                                      )
                                                    )
                  Plaintiff,                        )
                                                    )
          v.                                        )          Civil Action No. 07-2260 (RMC)
                                                    )
UNITED STATES ARMY                                  )
CORPS OF ENGINEERS                                  )
                                                    )
                  Defendant.                        )
_____)

DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION
TO DEFENDANT'S MOTION TO DISMISS OR, IN THE
ALTERNATIVE, FOR SUMMARY JUDGMENT AND OPPOSITION
TO PLAINTIFF'S CROSS MOTION FOR SUMMARY JUDGMENT

        Defendant respectfully submits this reply to Plaintiff's Opposition to Defendant's Motion

for Summary Judgment, and its Opposition to Plaintiff's Cross Motion for Summary Judgment.[1]

Plaintiff, Mr. James R. Short[2], opposes Defendant's Motion to Dismiss and Moves for Summary

Judgment alleging that his claim is not moot because not all records have been produced, and

that the search conducted and description of the search is insufficient.  (Plaintiff's Memorandum

in Opposition to Defendants's Motion to Dismiss or, in the Alternative for Summary Judgment

and in Support of Plaintiff's Cross-Motion for Summary Judgment (*hereinafter* "Pl. Mem.") at

5.)

_____

        [1] Defendant's Response to Plaintiff's Counterstatement of Facts is filed
contemporaneously with this memorandum.

        [2] While Plaintiff in this case is styled "James R. Short" and Plaintiff's counsel has
consistently and repeatedly used the name "James R. Short" in pleadings and correspondence
since 2007, earlier communications from other agents for Mr. Short regarding property in Ocean
Pines, including documents signed by Mr. Short, show his name as "Robert J. Short."

As previously argued in Defendant's Motion to Dismiss or in the Alternative Motion for Summary Judgment, Plaintiff's complaint should be dismissed as moot because Defendant provided Plaintiff with all of the requested records.  Plaintiff's Cross Motion for Summary Judgment should be denied.

## I.  INTRODUCTION

Plaintiff seeks the production of documents pursuant to the Freedom of Information Act ("FOIA") with respect to Lot 64, a parcel owned by Plaintiff.  Plaintiff's FOIA request described the land in question specifically as "a parcel located in Ocean Pines Section 15B, Lot 64, Tax Map 21, Parcel 68 (the 'Parcel')" (Compl., Ex. 6.) Plaintiff requested "all documents in the possession, custody or control of the Corps with respect to the Parcel including but not limited to any and all wetlands delineations, conservation easements, correspondence generated by the Corps in response to the JD application, and any internal memorandum or other documents generated by the Corps in connection with the JD application." (Id.).   Following the production of all document in the possession of the Corps, Plaintiff, through counsel, submitted a list of six categories of documents that he believed would be responsive to his request and were in the possession of the Corps.  (Pl. Mem. at 7 and Ex. 13.)   Following a conversation with Plaintiff's counsel, Defendant reiterated its position that all responsive documents in the Corps' possession were disclosed on January 4, 2008.  (Pl. Mem. Ex. 14.)

Plaintiff now challenges the adequacy of the search conducted by Defendant and the declarations in support of its Motion to Dismiss and for Summary Judgment.  Plaintiff alleges various inadequacies in the search conducted and in the declarations.  (Pl. Mem. at 7.)

## II. **FACTUAL BACKGROUND**

The relevant facts are contained in Defendant's Statement of Material Facts Not in Genuine Dispute and the attached Defendant's Response to Plaintiff's Counterstatement of Material Facts Not in Genuine Dispute (*hereinafter* "Pl. Counter."). Plaintiff's Counterstatement contains several alleged facts devoid of any reference to the record in support of such facts as required by LCvR 7(h), alleges facts immaterial to this FOIA litigation, and inextricably intertwines argument and legal conclusions with alleged facts. The immaterial facts relate to Plaintiff's dissatisfaction with requirements of a Corps permit issued in 1995 for a section of Ocean Pines developed by the Plaintiff, and his efforts to develop one particular lot that he subdivided that is presently encumbered by a conservation easement.

## III. **ARGUMENT**

Plaintiff's opposition and cross motion for summary judgment are premised on his theory that the Corps of Engineers failed to adequately search for responsive documents or in the alternative that the descriptions of such searches are inadequate. In support of his theory, Plaintiff asserts that there are six categories of "missing" documents. (Pl. Mem. at 7.) Plaintiff also alleges various deficiencies with Defendant's search and declarations describing the search. (Pl. Mem. at 10.)

A. Mootness

Plaintiff challenges the Defendant's assertion that all responsive documents were released. The foundation for Plaintiff's argument is his claim that Defendant failed to produce six categories of documents he believed would be responsive and were in Defendant's possession. (Pl. Mem. at 7, Pl. Ex. 13 and 14.) As explained to Plaintiff in correspondence

dated January 18, 2008, "you have been provided all of the documents possessed by the United States Army Corps of Engineers responsive to your [FOIA request]. No records were withheld as exempt." (Pl. Ex.14; Defendant's Exhibit A, Declaration of Carl J. Lorenz.) The six categories of documents that Plaintiff claims were left unexplained by Defendant's motion were in fact explained by agency counsel as being beyond the scope of the FOIA request. (Defendant's Exh. A, Declaration of Carl J. Lorenz at ¶¶ 11, 15-16.) Defendant reasonably interpreted Plaintiff's request to be limited to the lot as described by the Plaintiff in his request and informed his counsel of this verbally on 18 January 2008. (Defendant's Exh. A, Declaration of Carl J. Lorenz at ¶ 15.) Plaintiff did not challenge this interpretation of the request in his Opposition and Cross Motion. The position that all responsive documents have been produced, as referenced in Plaintiff's own Exhibit 14, is the same position represented in Defendant's Motion to Dismiss.

Despite this unequivocal statement that all responsive documents have been produced, and clarification as to the scope of the search conducted by Defendant, Plaintiff alleges that Defendant failed to explain the absence of documents in a declaration. A requester's "[m]ere speculation that as yet uncovered documents may exist does not undermine the finding that the agency conducted a reasonable search for them." Steinberg v. United States Dep't of Justice, 23 F.3d 548, 552 (D.C. Cir. 1994) (quoting Safecard Services, Inc. v. SEC, 926 F.2d 1197, 1201 (D.C. Cir. 1991)).

B. Adequacy of Search

Plaintiff challenges both the adequacy of the search for documents and the good faith of Defendant's two declarants. (Pl. Mem. 13.) Plaintiff also specifically alleges that the existence

of two letters, both sent from Plaintiff's counsel to Defendant after Plaintiff made his original

FOIA request, indicates that Defendant failed to conduct an adequate search.  (Pl. Mem. at 14.)

       Plaintiff's attack on the search and declarations are inaccurate and insufficient to

overcome the deference afforded to agency declarations in FOIA cases.  Plaintiff alleges that: a)

the qualifications of the declarants are inadequate, specifically that the declarations fail to state

that they were made based on personal knowledge; b) Defendant failed to say who conducted the

search; c) Defendant failed to state what records were searched and why; d) Defendant did not

describe the search terms used; e) Defendant made no "supportable statement" that other files

would not likely contain responsive documents; and f) Defendant failed to explain why the six

categories of documents were not produced.  (See generally Pl. Mem.)

       The declarations filed in support of Defendant's Motion to Dismiss in fact provide the

information that Plaintiff alleges is missing.  First, while the declarations do not overtly state that

they were made upon personal knowledge, their contents indicate that they are sufficient to

satisfy the requirements for declarations in FOIA cases.  For example, Ms. Gaffney-Smith states

that she "was responsible for coordinating the search for documents responsive" to Plaintiff's

FOIA request.  (R. 7, Exh. B, ¶ 2.)  Additionally, Mr. Fraer stated that he is "familiar with the

records and events described in this declaration" and that he personally responded to Plaintiff's

FOIA request and communicated with Plaintiff's counsel.  (R. 7, Exh. A at ¶¶ 2, 5-7.)  The

declaration of Ms. Gaffney-Smith, an agency official responsible for coordinating the search

efforts, is sufficient to satisfy the "personal knowledge" requirement of Federal Rule of Civil

Procedure 56(e).    See e.g., Carney v. U.S. Dep't of Justice, 19 F.3d 807 (2d Cir. 1994);

Safecard, 926 F.2d at 1202 (ruling that employee "in charge of coordinating the [agency's]

search and recovery efforts [is] most appropriate person to provide a comprehensive affidavit").

Plaintiff alleges that the declarations fail to identify who conducted the searches. However, Ms. Gaffney-Smith stated the search of records was conducted by Mr. Woody Francis and described his responsibilities (R. 7, Exh. B at ¶ 6.) Plaintiff's allegation that Defendant did not adequately explain the reason for searching the Baltimore Regulatory Branch Office also fails. As described by Mr. Fraer, "[t]his Branch has administrative custody and control over all regulatory permit matters within USACE Baltimore," the office to which the FOIA request was sent. (R. 7, Exh. A at ¶ 9.) While Defendant is not required to provide declarations from each individual who conducted the search, for the sake of clarity, the declaration of Mr. Woodson "Woody" Francis is attached as Defendant's Exhibit B.

Plaintiff challenges the adequacy of the search based on a lack of a description of search terms and description of electronic media searched. As described in Defendant's Response to Plaintiff's Counterstatement of Facts and the declaration of Mr. Woodson "Woody" Francis, it was determined that records of electronic transmissions related to the parcel would exist in the hard copy files maintained and searched by Mr. Francis. (Defendants Exhibit B, Declaration of Mr. Woodson Francis at ¶ 8.) Thus a description of search terms was unnecessary. As described by Mr. Francis, the Operations and Management Business Information Link Regulatory Module, the electronic system utilized for tracking USACE regulatory actions, did not exist in 2002, the period described in Plaintiff's FOIA request. (Defendants Exhibit B, Declaration of Mr. Woodson Francis at ¶ 9.) Additionally, the electronic system contained only entries that reference the records found and produced from the hard file and does not contain records responsive to the FOIA request. (Defendants Exhibit B, Declaration of Mr. Woodson Francis at

¶ 9.)

Mr. Francis's declaration also provides clarification that the records searched were the most likely to produce responsive records based upon the organization of records within Defendant's record systems.  (Defendants Exhibit B, Declaration of Mr. Woodson Francis at ¶ 2.)  Mr. Francis also describes his recent search for records "in an abundance of caution" in his email and other electronic records that yielded five total pages of email consisting of three email conversations, that are arguably exempt from disclosure, but were recently provided to Plaintiff as a discretionary disclosure.  (Defendants Exhibit B, Declaration of Mr. Woodson Francis at ¶ 12.)  Mr. Francis also located 27 digital photographs of Lot 64 taken in March of 2007.  These documents have also been released to Plaintiff in addition to 11 printouts from the regulatory activity databases.  (Defendants Exhibit B, Declaration of Mr. Woodson Francis at ¶ 12.)  Later produced records do not call into question the adequacy of a search because "[i]t would be unreasonable to expect even the most extensive search to uncover every responsive file." Meeropol v. Meese, 790 F.2d 942, 953 (D.C. Cir. 1986).

Despite the above demonstrated adequacy of her previous declaration, Ms. Gaffney-Smith has provided a supplemental declaration providing greater detail about the search conducted.  (Defendant's Exhibit 3, Supplemental Declaration of Margaret Gaffney-Smith.) Specifically, Ms. Gaffney-Smith provides greater detail on the scope of the search, the records searched, and the reasons why those records were searched.  (Defendant's Exhibit C, Supplemental Declaration of Margaret Gaffney-Smith.)

Plaintiff provides the declaration of Mr. Steven Urgo in which he identifies three documents Plaintiff alleges were not produced in response to his FOIA request in a further

7

attempt to impugn the good faith of Defendant's declarations and search. First, he alleges that Plaintiff's Exhibit 6 was sent to Ms. Gaffney-Smith by Mr. Urgo on January 18, 2007, two days after the FOIA request was made, and was not produced by Defendant. While the cover letter and attachments sent to Ms. Gaffney-Smith were not located, despite her directed search, the same enclosures (primarily consisting of the 2002 JD application) were in fact included in the records released to Plaintiff on January 4, 2008. (R. 7 Exh. B, Declaration of Margaret Gaffney-Smith at 5; Defense Exhibit 3, Supplemental Declaration of Margaret Gaffney-Smith at ¶ 9.)

Plaintiff, in Mr. Urgo's declaration, also identifies Exhibit 8, sent by Mr. Urgo to Ms. Gaffney-Smith, as being produced by Defendant, but not in duplicate. (Urgo Declaration at ¶ 7.) While the copy of this letter from Plaintiff's counsel, sent almost one month after the FOIA request, to Ms. Gaffney-Smith was not produced, the copy sent to Mr. Lorenz, which indicates that Ms. Gaffney-Smith received a courtesy copy, was produced. (Urgo Declaration at ¶ 7.) Finally, Mr. Urgo's declaration indicates that Plaintiff's Exhibit 9, consisting of emails from Mr. Urgo to Mr. Fraer inquiring about the FOIA request were not produced. (Urgo Declaration at ¶ 6.) This email chain, solely concerned with the processing of Plaintiff's FOIA request, was produced by Defendant as Exhibit 5 to Mr. Fraer's declaration and is not responsive to Plaintiff's FOIA request for records related to the jurisdictional determination of Lot 64.

As stated above and in Defendant's Motion to Dismiss or in the Alternative for Summary Judgment, in determining the reasonableness of USACE's search, the focus is on the procedures employed, not the results. Even when a requested document indisputably exists or once existed, summary judgment will not be defeated by an unsuccessful search for the document, so long as the search was diligent. See Twist v. Gonzales, 171 F. App'x 855, 855 (D.C. Cir. 2005) (ruling that failure to locate specific documents does not render search inadequate or demonstrate bad

faith).   Indeed, the fundamental question is not "whether there might exist any other documents possibly responsive to the request, but rather whether the search for those documents was adequate."  Steinberg v. U.S. Dep't of Justice, 23 F.3d 548, 551 (D.C. Cir. 1994).  That is, "a search is not unreasonable simply because it fails to produce all relevant material."  Meeropol v. Meese, 790 F.2d 942, 952 (D.C. Cir. 1986); see also Judicial Watch v. Rossotti, 285 F. Supp. 2d 17, 26 (D.D.C. 2003) (Collyer, J.) ("Perfection is not the standard by which the reasonableness of a FOIA search is measured.").  Indeed "the issue is not whether any further documents might conceivably exist[.]"  Krikorian v. Dep't of State, 984 F.2d 461, 468 (D.C. Cir. 1993).

Accordingly, even if USACE's search did not return every responsive paper in its possession or custody, such a fact is irrelevant in determining whether USACE's search was adequate.  Plaintiff's allegations are insufficient to overcome the presumption of good faith accorded Defendant's declarations.  Miller v. United States Dep't of State, 779 F.2d 1378, 1383 (8th Cir. 1985) ("the Department is not required by the Act to account for documents which the requester has in some way identified if it has made a diligent search for those documents in places in which they might be expected to be found.").  Plaintiff fails to rebut the agency affidavits with evidence of bad faith and therefore, summary judgment is proper.  Id., at 1383.  Accordingly, no genuine issue of material fact remains regarding the reasonable adequacy of the agency search and all responsive documents have been released; therefore, defendant is entitled to summary judgment as a matter of law.[3]

To the extent that Plaintiff alleges a lack of response to his January 2008 request for

---

[3] Plaintiff references a motion for attorney's fees, however Defendant is unaware of any such motion.  Plaintiff has failed to rebut Defendant's position that Plaintiff is not entitled to attorney fees under the FOIA statute applicable at the time Plaintiff filed his FOIA request and this judicial complaint, thus arguably conceding the issue.

USACE document retention policies as a basis for granting summary judgment on his behalf, this argument fails.  This request was not part of the original FOIA request and thus was not part of this litigation.

## V.  CONCLUSION

For all these reasons, the Court should dismiss this action, or alternatively, enter summary judgment in favor of Defendant and deny Plaintiff's Cross Motion for Summary Judgment.

Respectfully submitted,

_____/s/_____
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

_____/s/_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

_____/s/_____
LANNY J. ACOSTA, JR.
Special Assistant United States Attorney
555 Fourth Street, N.W.,
Washington, D.C.  20530
(202) 353-9895
Attorneys for Defendant

11

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| **JAMES R. SHORT,** | ) |
| | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )**Civil Action No. 1:07 CV 02260 (RMC)** |
| | ) |
| **UNITED STATES ARMY** | ) |
| **CORPS OF ENGINEERS** | ) |
| | ) |
| **Defendant** | ) |
| | ) |

### DECLARATION OF CARL JEFFREY LORENZ

DECLARATION OF AGENCY COUNSEL

I, CARL JEFFREY LORENZ, ESQ., do hereby declare:

1. I am a legal advisor to the Secretary of the Army, my duty station is with the Baltimore District the U.S. Army Corps of Engineers. One of my functions is as a legal advisor for the Corps' Regulatory Program, which is responsible for permitting and enforcement pursuant to sections of the Clean Water Act and the Rivers and Harbors Act.

2. On January 23, 2007, at the request of Mr. Woody Francis, an employee of the Corps' Baltimore District Regulatory Branch, I participated in a teleconference with Mr. Steven Urgo, an attorney who represents a Mr. Short relating to efforts to develop to develop one particular lot, now known as Lot 64, in Section 15B of Ocean Pines, Worcester County, Maryland, and a request for a Jurisdictional Determination (JD) that had been submitted on that lot in 2002.

3. The Corps position in that January 23, 2007 teleconference was that Mr. Short, as the developer of subdivisions in Ocean Pines, including the approximately 101 acre section 15B, was aware that there was a Corps permit affecting that development, and in particular a permit condition that required establishment of a permanent conservation easement for 41.6 acres of non-tidal wetlands, 4.9 acres of forested uplands, and 3.8 acres of tidal wetlands in section 15B. The Corps communicated to Mr. Urgo, as it had

communicated to Mr. Short's previous attorney and others representing Mr. Short's interests, that this encumbrance likely affected the lot Mr. Short had subdivided as Lot 64.

4.  In a letter dated February 14, 2007, attached as Exhibit 8 to the Plaintiff's Cross Motion for Summary Judgment, Mr. Urgo mistakenly references the date of this teleconference as January 23, 2006, but nevertheless conveys the essence of the Corps regulatory position regarding the easement and permit noncompliance.  Although the Corps did not reply to this letter, the Corps position on this matter had already been clearly communicated to Mr. Urgo in that teleconference, the Corps' position had previously been communicated to Mr. Short in and his agents between 2002 and January 23, 2007, and did not change when Mr. Urgo wrote his February 14, 2007 letter.

5.  Neither in the January 23, 2007 teleconference, nor in the February 14, 2007 letter from Mr. Urgo, was it indicated that a FOIA request had been filed.

6.  The undersigned became aware that lawsuit had been filed and that there was an outstanding FOIA request on January 2, 2008, and participated in a meeting the morning of January 3, 2008 in the Baltimore District among Ms. Patricia Ryan, Esq., Mr. Woody Francis, and Ms. Margaret (Meg) Gaffney Smith in the Baltimore District Regulatory Branch office.

7.   The January 16, 2007 FOIA request filed by Mr. Urgo (Exhibit 5 to the Plaintiffs Cross Motion for Summary Judgment) states; "My firm represents Mr. James R. Short in connection with his joint application for a jurisdictional determination on a parcel of property located in Worchester County, Maryland. The JD application was first submitted to the U.S. Army Corps of Engineers by the Maryland Department of Environment on or about October 11, 2002. The JD application concerns a parcel located in Ocean Pines Section 15B, Lot 64, Tax Map 21, Parcel 68 (the 'Parcel'). We hereby request that you provide all documents in the possession, custody or control of the Corps with respect to the Parcel including but not limited to any and all wetlands delineations, conservation easements, correspondence generated by the Corps in response to the JD application, and any internal memorandum or other documents generated by the Corps in connection with the JD application."

8.  The Corps interpreted that Mr. Urgo's reference to "James R. Short" in the January 16, 2007 FOIA request was actually referring to "Robert J. Short", and that "Worchester County" was actually a reference to "Worcester County".

9.  Section 15B of Ocean Pines is congruent with Parcel 68, which consists of approximately 101 acres sometimes called the Sanctuary at Ocean Pines or Whitetail Sanctuary. After the Corps issued a permit in 1995, Section 15B was subdivided into lots and outparcels. Exhibit 1 to this Declaration is a true and correct copy of a record I retrieved and printed from the Maryland State Department of Assessments and Taxation website (http://www.dat.state.md.us/) real property search database on September 3, 2008, which shows 67 lots and outparcels in Parcel 68/Section 15B.

10. I have no personal knowledge regarding the present ownership interest of a Mr. James R. Short, or a Mr. Robert J. Short, in the real property referred to as Lot 64 that was the subject of the January 23, 2007 teleconference or the January 16, 2007 FOIA request. However, Exhibit 2 to this Declaration is a true and correct copy of a record I retrieved and printed from the Maryland State Department of Assessments and Taxation website (http://www.dat.state.md.us/) real property search database on September 3, 2008, which shows lot 64 was transferred/purchased in 2005 and is owned by Build Pines, L.L.C.

11. The Corps reasonably construed the FOIA request as being for records relating to a 2002 application for a JD on Lot 64, rather than other lots in, or sections of, Ocean Pines, or a more expansive geographic or temporal scope.

12. In recognition that the January 16, 2007, FOIA request was outstanding and after exercising due diligence and engaging in a thorough and reasonable search of the records of the Baltimore District's Regulatory Branch on January 3 and 4, 2008, all records responsive to the FOIA request were located in the Baltimore District and reproduced for the requester (See Exhibit 11 to the Plaintiff's Cross Motion for Summary Judgment).

13. After the Corps had produced the records responsive to the FOIA request on January 4, 2008, which were received in the offices of Plaintiff's counsel on January 7, 2008, I telephoned Mr. Urgo to advance the position that the lawsuit was moot, and dismissal was appropriate, because all the responsive documents had been provided.

14. On January 18, 2008, Mr. Urgo replied by faxed letter listing six additional categories of records which were significantly more expansive, both geographically and temporally, than the FOIA request that he had made on January 16, 2007 (Exhibit 13 to the Plaintiffs Cross Motion for Summary Judgment).

15. Upon receipt of this January 18, 2008 letter I telephoned Mr. Urgo and verbally indicated that the additional items requested in his January 18, 2008 letter were beyond the scope of the FOIA request and that all of the responsive records had been provided, that I did not think we would have retained copies of 13 or 14 year old background documents such as permit *applications*, and that although neither Mr. Francis nor Ms. Ryan were in the district that day, I would try to get him a written response that day.

16. My written response sent January 18, 2008 (Exhibit 14 to the Plaintiff's Cross Motion for Summary Judgment) references that I had a conversation with Mr. Urgo earlier that day and reiterates that all responsive records were provided. In retrospect, I could have also explicitly reiterated in writing that the six additional categories are beyond the scope of original request.

17. Exhibit 15 to the Plaintiffs Cross Motion for Summary Judgment is a January 24, 2008 letter to the former Special Assistant U.S. Attorney and undersigned agency counsel regarding additional documents beyond the scope of the FOIA request that the Plaintiffs

counsel were interested in obtaining in the course of settlement negotiations, that may
have resolved this lawsuit and other issues relating to lot 64. While these negotiations,
and documents generated by counsel during these negotiations, involved issues relating to
lot 64, they were inclusive of issues not pending before the Court in this litigation,
wherein the sole issue is the January 16, 2007 FOIA request.


Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true
and correct.

Executed on:    *Sept 5, 2008*

Carl Jeffrey Lorenz,
Assistant District Counsel
U.S. Army Corps of Engineers,
Baltimore District



reach out .. .. to homebuyers

**Maryland Department of Assessments and Taxation**   **Go Back**
**WORCESTER COUNTY**   **View Map**
**Real Property Data Search**  (2007 vw2.3)   **New Search**

Page 1 of 1

| Name | Account | Street | OWN OCC | Town | Parcel Lot |
|---|---|---|---|---|---|
| OCEAN PINES ASSOCI | 03 137678 | WHITETAIL RD | N | 000 | 68 |
| COOK JONATHAN & LY | 03 136965 | 405 CHARLOTTE CT | H | 000 | 68 2 |
| NELSON WILLIAM F & | 03 136981 | 401 CHARLOTTE COURT | H | 000 | 68 4 |
| COUNTY COMMISSIONE | 03 136949 | OCEAN PARKWAY | N | 000 | 68 8 |
| SEIFERT GLENN & BO | 03 137058 | 406 CHARLOTTE COURT | N | 000 | 68 9 |
| ROSINSKI JOHN O & | 03 136957 | 407 CHARLOTTE CT | H | 000 | 68 1A |
| FORTUNATO & JANICE | 03 137066 | 404 CHARLOTTE COURT | H | 000 | 68 10 |
| INDEPENDENT CONTRA | 03 137074 | 402 CHARLOTTE COURT | N | 000 | 68 11 |
| LINKOUS BUILDERS L | 03 137082 | 323 PIEDMONT CT | N | 000 | 68 12 |
| CAPLAN HOWARD A & | 03 137090 | 325 PIEDMONT CT | H | 000 | 68 13 |
| PALMISANO FAMILY L | 03 137104 | 327 PIEDMONT CT | N | 000 | 68 14 |
| HILLEGASS ROBERT & | 03 137112 | 329 PIEDMONT CT | H | 000 | 68 15 |
| PETERSON GREGORY L | 03 137120 | 331 PIEDMONT CT | N | 000 | 68 16 |
| KESHISHIAN JOHN M | 03 137139 | 510 BEAUMONT COURT | N | 000 | 68 17 |
| REISS ROBERT G & P | 03 137147 | 508 BEAUMONT COURT | N | 000 | 68 18 |
| SCHROYER KENNETH F | 03 137155 | 506 BEAUMONT CT | H | 000 | 68 19 |
| MCGOVERN JOSEPH J | 03 137163 | 504 BEAUMONT CT | N | 000 | 68 20 |
| RICH JOANN M & CAL | 03 137171 | 502 BEAUMONT COURT | N | 000 | 68 21 |
| FISCHBACH CHARLES | 03 137198 | 310 PIEDMONT CT | H | 000 | 68 22 |
| SIZEMORE JACK & MA | 03 137201 | 308 PIEDMONT CT | H | 000 | 68 23 |
| GALELLO MICHAEL E | 03 137228 | 306 PIEDMONT CT | H | 000 | 68 24 |
| CARACCIOLO BARBARA | 03 137236 | 304 PIEDMONT CT | N | 000 | 68 25 |
| TAKASCH FRANCIS J | 03 137244 | 302 PIEDMONT CT | N | 000 | 68 26 |
| SCARLETT JOHN T & | 03 137252 | 301 PIEDMONT CT | N | 000 | 68 27 |
| STRANG CHARLES F & | 03 137260 | 303 PIEDMONT CT | H | 000 | 68 28 |
| BARTIMO BARRY J & | 03 137279 | 201 CHARLESTON RD | N | 000 | 68 29 |
| POOLE LAWRENCE L & | 03 136973 | 311 PIEDMONT CT | H | 000 | 68 3A |
| THOMPSON ROBERT B | 03 137287 | 203 CHARLESTON RD | H | 000 | 68 30 |
| FENTON ANDREW R & | 03 137295 | 205 CHARLESTON RD | N | 000 | 68 31 |
| PHILLIPS FRANK H & | 03 137309 | 207 CHARLESTON RD | N | 000 | 68 32 |
| HARRISON FAMILY PR | 03 137317 | 241 CHARLESTON ROAD | N | 000 | 68 33 |
| SOUDERS ARTHUR L J | 03 137325 | 245 CHARLESTON ROAD | N | 000 | 68 34 |
| MULLEN MICHAEL P & | 03 137333 | 249 CHARLESTON ROAD | N | 000 | 68 35 |
| KOVAR ANTONIO & GE | 03 137341 | 253 CHARLESTON ROAD | H | 000 | 68 36 |
| GAAL JULIUS & SAND | 03 137368 | 259 CHARLESTON ROAD | N | 000 | 68 37 |
| DALE JESSE J & SHI | 03 137376 | 261 CHARLESTON ROAD | H | 000 | 68 38 |
| BISSELL THOMAS R J | 03 137384 | 240 CHARLESTON RD | H | 000 | 68 39 |

| CARPER WILLIAM D & | 03 137392 | 228 CHARLESTON RD | H | 000 | 68 40 |
|---|---|---|---|---|---|
| BIGLER ROBERT & BE | 03 137406 | 230 CHARLESTON RD | N | 000 | 68 41 |
| GROSS GEORGE W & D | 03 137414 | 232 CHARLESTON RD | H | 000 | 68 42 |
| DUFF JOHN C III & | 03 137422 | 234 CHARLESTON RD | N | 000 | 68 43 |
| CHISHOLM KENNETH W | 03 137430 | 226 CHARLESTON RD | N | 000 | 68 44 |
| DICK CHARLES E & V | 03 137449 | 224 CHARLESTON RD | H | 000 | 68 45 |
| VITZ CHARLES & | 03 137457 | 220 CHARLESTON RD | N | 000 | 68 46 |
| MCALISTER DAMIAN F | 03 137465 | 218 CHARLESTON RD | H | 000 | 68 47 |
| DEIBLER BONNIE L & | 03 137473 | 216 CHARLESTON RD | H | 000 | 68 48 |
| CHERRY ROBERT F & | 03 137481 | 214 CHARLESTON RD | H | 000 | 68 49 |
| JAEGER WILLIAM & M | 03 137007 | 403 CHARLOTTE COURT | H | 000 | 68 5A |
| COX ELBERT & SANDR | 03 137503 | 212 CHARLESTON ROAD | N | 000 | 68 50 |
| ROWE WILLIAM S & | 03 137511 | 210 CHARLESTON ROAD | N | 000 | 68 51 |
| NICKERSON PHILLIP | 03 137538 | 204 CHARLESTON ROAD | H | 000 | 68 52 |
| NEWMAN JACQUELYN B | 03 137546 | 202 CHARLESTON ROAD | H | 000 | 68 53 |
| LAWRENCE JAMES B T | 03 137554 | 101 PORT ARTHUR COU | H | 000 | 68 54 |
| BENNETT MICHAEL J | 03 137562 | 103 PORT ARTHUR COU | H | 000 | 68 55 |
| CARROLL RODNEY S & | 03 137570 | 105 PORT ARTHUR COU | N | 000 | 68 56 |
| FRICK CHARLES L | 03 137589 | 107 PORT ARTHUR COU | N | 000 | 68 57 |
| HAMMER MITCHELL & | 03 137597 | 109 PORT ARTHUR COU | H | 000 | 68 58 |
| KELLY PAUL J & CAR | 03 137600 | 111 PORT ARTHUR COU | H | 000 | 68 59 |
| STILES JAMES E & D | 03 137015 | 409 CHARLOTTE COURT | H | 000 | 68 6A |
| CARROLL RODNEY S | 03 137619 | 112 PORT ARTHUR COU | N | 000 | 68 60 |
| RIDER HARRISON J I | 03 137643 | 104 PORT ARTHUR COU | N | 000 | 68 63 |
| BUILD PINES LLC | 03 137651 | 102 PORT ARTHUR COU | N | 000 | 68 64 |
| GEORGE HENRY C SR | 03 137023 | 411 CHARLOTTE COURT | N | 000 | 68 7B |
| SANCTUARY OF OCEAN | 03 157369 | WHITETAIL RD | N | 000 | 68 11A |
| MORAN EDWARD G & S | 03 137627 | 108 PORT ARTHUR COU | N | 000 | 68 61A |
| WOOD KENNETH E & B | 03 137635 | 106 PORT ARTHUR COU | H | 000 | 68 62A |
| DOCTOR LYNNE L | 03 137031 | 408 CHARLOTTE COURT | H | 000 | 68 8A |

 **Maryland Department of Assessments and Taxation**
**WORCESTER COUNTY**
**Real Property Data Search** (2007 vw2.3)

| | | Go Back<br>View Map<br>New Search |

**Account Identifier:** **District -** 03 **Account Number -** 137651

| Owner Information | | | |
|---|---|---|---|
| **Owner Name:** | BUILD PINES LLC | **Use:**<br>**Principal Residence:** | RESIDENTIAL<br>NO |
| **Mailing Address:** | 869 YACHT CLUB DR<br>BERLIN MD 21811-9414 | **Deed Reference:** | 1) SVH/ 4475/ 349<br>2) |

| Location & Structure Information | |
|---|---|
| **Premises Address**<br>102 PORT ARTHUR COURT ST<br>OCEAN PINES 21811 | **Legal Description**<br>LOT 64 30852 SQ FT<br>PORT ARTHUR COURT<br>WHITETAIL SANCTY SEC 15B |

| Map | Grid | Parcel | Sub District | Subdivision | Section | Block | Lot | Assessment Area | Plat No: | 145038 |
|---|---|---|---|---|---|---|---|---|---|---|
| 21 | 10 | 68 | | 15B | 15B | | 64 | 1 | **Plat Ref:** | |

| **Special Tax Areas** | **Town**<br>**Ad Valorem**<br>**Tax Class** |
|---|---|

| **Primary Structure Built**<br>0000 | **Enclosed Area** | **Property Land Area**<br>30,852.00 SF | **County Use**<br>000000 |
|---|---|---|---|
| **Stories** | **Basement** | **Type** | **Exterior** |

| Value Information | | | | |
|---|---|---|---|---|
| | **Base Value** | **Value** | **Phase-in Assessments** | |
| | | As Of<br>01/01/2007 | As Of<br>07/01/2008 | As Of<br>07/01/2009 |
| **Land** | 157,940 | 249,310 | | |
| **Improvements:** | 0 | 0 | | |
| **Total:** | 157,940 | 249,310 | 218,852 | 249,310 |
| **Preferential Land:** | 0 | 0 | 0 | 0 |

| Transfer Information | | | | | |
|---|---|---|---|---|---|
| **Seller:** SANCTUARY OF OCEAN PINES | | **Date:** | 06/30/2005 | **Price:** | $39,900 |
| **Type:** NOT ARMS-LENGTH | | **Deed1:** SVH/ 4475/ 349 | | **Deed2:** | |
| **Seller:** | | **Date:** | | **Price:** | |
| **Type:** | | **Deed1:** | | **Deed2:** | |
| **Seller:** | | **Date:** | | **Price:** | |
| **Type:** | | **Deed1:** | | **Deed2:** | |

| Exemption Information | | | |
|---|---|---|---|
| **Partial Exempt Assessments** | **Class** | 07/01/2008 | 07/01/2009 |
| County | 000 | 0 | 0 |
| State | 000 | 0 | 0 |
| Municipal | 000 | 0 | 0 |

| **Tax Exempt:** | NO | **Special Tax Recapture:** |
|---|---|---|
| **Exempt Class:** | | * NONE * |

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **JAMES R. SHORT,** | ) |
|  | ) |
| **Plaintiff,** | ) |
|  | ) |
| **v.** | )**Civil Action No. 1:07 CV 02260 (RMC)** |
|  | ) |
| **UNITED STATES ARMY** | ) |
| **CORPS OF ENGINEERS** | ) |
|  | ) |
| **Defendant.** | ) |
|  | ) |

**DECLARATION OF WOODSON F. FRANCIS, Jr.**

Declaration: Discovery Search By Active Agency Component

DECLARATION OF AGENCY OFFICIAL RESPONSIBLE FOR RECORDS SEARCH

I, WOODSON F. FRANCIS, Jr., do hereby declare:

1. I am a Regulatory Project Manager, Biologist for the U.S. Army Corps of Engineers Baltimore District.

2. The Regulatory Branch is generally organized geographically. Since September 1988, I have been the primary USACE Baltimore Regulatory Project Manager and principal point of contact for activities related to the USACE Regulatory program for Worcester County, Maryland including Ocean Pines.

3. Generally, my duties have included jurisdictional determinations, permit evaluations, and permit compliance in Worcester County, Maryland including Ocean Pines. Since 1988, I have been the employee that has filed the records associated with efforts to affect the build-out of Ocean Pines, and specifically those files and records associated with the approximately 605 acres of property that eventually became the permit area associated with Balfour which was subsequently subdivided and sold off. Thus, agency files in my possession related to the approximate 605 acres of property are extensive, and these files are located within the Regulatory Branch on the 8th floor of the Baltimore District offices.

4. On January 2 or 3, 2008 Ms. Margaret Gaffney Smith informed me that Mr. James R. Short had an outstanding FOIA request with the Baltimore District. (See Smith Declaration Paragraph 7.)

5. On January 3 and 4, I discussed the FOIA request from Mr. Short's attorney, Mr. Steven D. Urgo, with Mr. Jeff Lorenz and Ms. Patricia Ryan, USACE Baltimore district attorneys and Ms.Margaret Gaffney-Smith, my Branch Chief. Recognizing the urgency and importance of responding to the misplaced FOIA, we all agreed to work diligently to expedite the search for and production of documents. Since I was the employee that had filed the records associated with efforts to effect the build-out of Ocean Pines as described above, I knew without question where to look for records that were potentially responsive to the FOIA.

6. The FOIA request sought records with respect to Lot 64, a parcel owned by Mr. Steven D. Urgo's client, named as Mr. James R. Short, which Mr. Steven D. Urgo described specifically as located in Ocean Pines, Section 15B, Lot 64, Tax Map 21, Parcel 68 (the "Parcel"). Mr. Steven D. Urgo requested all documents including but not limited to those records generated by the Corps in response to or in connection with a Jurisdictional Determination ("JD") application for Lot 64 first filed October 11, 2002.

7. Lot 64 is approximately 2/3 of an acre in area and is located in Section 15B/Parcel 68 (101 acres) of the former Balfour permit area (605 acres) in Ocean Pines (approximately 3500 acres.) The land associated with the Balfour permit was subdivided in February 1996 after the USACE issued the Balfour permit.

8. On January 3, and January 4, 2008, I performed a thorough search for files relating to Ocean Pines Section 15B, Lot 64, Tax Map 21, Parcel 68 (the "Parcel") including but not limited to those records generated by the Corps in response to or in connection with a Jurisdictional Determination ("JD") application for Lot 64 first filed October 11, 2002. I searched for responsive records among my hard files related to efforts to affect the build-out of Ocean Pines, and specifically those files and records associated with the approximately 605 acres of property that eventually became the permit area associated with Balfour which was subsequently subdivided and sold off. I searched the hard files because all records are included there. I also searched my emails. Further, if I receive an email or other electronic transmission related to a Regulatory action, I routinely print it out and put it in the hard file. All responsive emails located manually and electronically were provided to the requester.

9. OMBIL (Operations and Management Business Information Link) Regulatory Module (ORM) is a new information technology system developed as part of a long term project to create a USACE Regulatory tracking tool for use by regulators and the public. The Regulatory Analysis and Management Systems (RAMS) was the USACE Regulatory tracking tool used prior to ORM. I did not originally search ORM, because it did not exist in 2002 and anything entered there, after 2002, would only be a short-hand record of permit activity dates and is duplicative of what is in the hard file which I did search. A

recent search of ORM produced no new records as predicted. The only related entries in ORM are pending action dates listing the 2002 JD application for Lot 64, "Unauthorized Activity/Alleged Violation" by Mr. Robert J. Short and Mr. James R. Short's FOIA. A printout from ORM of these action dates was created on September 3, 2008 and was turned over to Office of Counsel. Similarly, a search of RAMS on September 3, 2008 which was merged into ORM produced no new records. Rather, the query produced a one page printout listing action dates. Again, all documents related to the action dates were located in the hard file that I had already searched and were already produced in response to the FOIA. A printout of the entry in RAMS was created on September 3, 2008 and I turned it over to Office of Counsel.

10. In an abundance of caution, I recently conducted a repeat and exhaustive search of my files including emails, archived emails and electronic files. I found 5 more pages of email related to discussions with: Margaret Gaffney Smith, while she was at headquarters; Jeff Lorenz, USACE attorney, regarding Mr. Short's dispute over the conservation easement on Lot 64; and Chris McCabe, a Worcester County, Maryland employee. These emails were written in anticipation of a planned conference call regarding the conservation easement with Mr. Short's attorney, Mr. Steven D. Urgo, which took place on January 23, 2007. These 5 pages reflect my effort to brief Headquarters and consult with a Baltimore District attorney prior to the phone call with Mr. Urgo. I also located 27 digital photographs taken of Lot 64 on May 10, 2007. These photographs were taken while I was in Worcester County documenting site conditions for permit compliance purposes associated with various permit matters including Ocean Pines Section 17, The Pointe subdivision, and Section 15B.

11. As for my electronic and email searches, I searched under the term "Short" in all my email folders as well as my archive folders. I also searched under "Section 15 b Ocean Pines", in all email folders as well as my archive folders. I sometimes file email in folders that contain emails for particular subjects. If not, those emails can be found in my inbox and sent folders and my archives. In this case, I created a file under "Short" once I learned about the FOIA. I don't always use email folders because I routinely print emails relevant to regulatory activities and place them in the hard file, as I explained. As for searches in ORM and RAMS, I searched under "Pending Actions" using my name as the filter because any entries regarding Ocean Pines would have either been made by me or they would have been assigned to me. There, I found three activity dates under "Pending Actions" referencing the name Robert J. Short which led me to the other pages listing the same activities. To find documents related to those activities, I would refer to the hard file which was searched in response to the FOIA.

12. The emails, ORM and RAMS printouts and photographs were compiled on a CD and sent by Office of Counsel to Mr. James R. Short, through his attorney, Mr. Steven D. Urgo, on September 5th, 2008.

13. In the course of my duties as regulatory project manager in Worcester County I have had interactions with Mr. Short, a real estate developer, who has, since at least the 1990s, been involved in the development of parts of Ocean Pines, a large residential

community of approximately 3,500 acres in Worcester County Maryland. Mr. Short's projects included development of section 15B of Ocean Pines. Section 15B consists of approximately 101 acres, also known as "The Sanctuary" or "Whitetail Sanctuary". Beginning in or about 1996, Sanctuary of Ocean Pines Limited Partnership subdivided and sold improved and unimproved lots of various sizes in Section 15B. Mr. Short was president of the Sanctuary of Ocean Pines, Inc., the general partner of Sanctuary of Ocean Pines Limited Partnership.

14. USACE, Baltimore District, Regulatory branch records, including those previously released in January of 2008, reflect that Ocean Pines is a community that has been developed in phases (sections), and because this property contains wetlands and other waters of the United States regulated by the Corps, permits have been obtained from the Corps as development activities have progressed in Ocean Pines. In 1994, Ocean Pines L.L.C - Balfour Holdings, Inc. applied for a permit to develop approximately 605 acres in Ocean Pines. Balfour's application proposed development without impacts to wetlands for purposes of building lots, but did have minimal impacts for infrastructure associated with the development (e.g. roads and utilities). These development activities were to occur in seven "sections" of Ocean Pines. One of these sections was section 15B. It was recognized at the time that different developers could possibly undertake the activities in these seven sections of the community. So when the permit process was initiated it was decided that there could be an overall permit for the 605 acres (the "Balfour Permit"; CENAB-RS (Ocean Pines, L.L.C. – Balfour Holdings, Inc.)94-65634-1)) and also, to simplify compliance, seven separate permits that detail the particular authorizations and permit conditions for each of the seven sections. A material condition of the Balfour permit, and several of the section permits, was the placement of a Declaration and Agreement of Easement (a Conservation Easement) that encumbered certain portions of the sites. One of these permits was for section 15B, CENAB-OP-RS(SECTION 15B)94-67271-1, issued on November 13, 1995. As a part of that permit process, a Jurisdictional Determination (JD) was issued for Section 15B, CENAB-OP-RS (589 Corp./Balfour Holdings – Ocean Pines LLC - Section 15B)95-67666-1,on June 27, 1995 and was not challenged by the landowner. This JD was on raw land, not subdivided lots.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on: _5 September 2008_

Woodson F. Francis, Jr.
Regulatory Project Manager, Biologist
U.S. Army Corps of Engineers,
Baltimore District

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES R. SHORT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )Civil Action No. 1:07 CV 02260 (RMC) |
| | ) |
| UNITED STATES ARMY | ) |
| CORPS OF ENGINEERS | ) |
| | ) |
| Defendant | ) |
| | ) |

## SUPPLEMENTAL DECLARATION OF MARGARET GAFFNEY-SMITH

Declaration: Discovery Search By Active Agency Component

DECLARTION OF AGENCY OFFICIAL RESPONSIBLE FOR RECORDS SEARCH

I, MARGARET GAFFNEY SMITH, do hereby declare:

1. I am the Chief of the Regulatory Branch (Branch) for the U.S. Army Corps of Engineers Baltimore District. I reported to this duty station on February 4, 2007. Immediately prior thereto, I was employed at the Headquarters of the U.S. Army Corps of Engineers in Washington, D.C. (HQUSACE) where I also worked with the Corps Regulatory program.

2. In January 2007, after I was aware that I would be the Regulatory Branch Chief in Baltimore but before I had reported for duty in that location, I received a call from Mr. Steven Urgo, counsel for Mr. Short, regarding concerns relating to a request for a jurisdictional determination (JD) on a lot in Ocean Pines, Worcester County, Maryland. To the best of my recollection, and after looking at the transmittal filed as exhibit 6 to the Plaintiff's Cross Motion for Summary Judgment, my conversation with Mr. Urgo was on 18 January 2007.

3. In this January 18, 2007 telephone conversation, I listened to Mr. Urgo's concern relating to a 2002 JD application that had been submitted by others on behalf of Mr.

Short. At the time of my conversation with Mr. Urgo, there was no mention of a FOIA request, though I learned on December 31, 2007, that one had been filed by Mr. Urgo on January 16, 2007.

4. On or about January 22, 2007 I had a telephone conversation with a Corps Baltimore District employee Mr. Woodson (Woody) Francis, regarding the status of Corps permits and the conservation easement in the section of Ocean Pines where lot 64 is located. After exchanging e-mail with Mr. Francis regarding my fax number, Mr. Francis faxed documents to me at HQUSACE.

5. I am aware that on January 23, 2007, Mr. Francis and a Corps attorney, Mr. Carl Jeffrey Lorenz, had a telephone conversation with Mr. Urgo regarding his concerns about the 2002 JD application. I am aware that following that teleconference, Mr. Urgo sent the District a letter dated February 14, 2007, but that letter does not refer to a FOIA request.

6. The Baltimore District became aware on December 31, 2007 that the above captioned lawsuit had been filed regarding an outstanding FOIA request for the 2002 JD application material and records relating to lot 64 in section 15B of Ocean Pines. On the morning of January 3, 2008, I met with Mr. Francis, and agency attorneys Mr. Carl Jeffrey Lorenz, Esq. and Ms. Patricia Ryan, Esq. in the Regulatory Branch office to discuss the lawsuit and the scope of the requested records, to determine where potentially responsive records would be located, and to determine what efforts needed to be performed to expeditiously provide the requested records.

7. On January 3, and January 4, 2008, Mr. Woody Francis, a regulatory branch employee with responsibilities that include permit evaluation and compliance in Worcester County, Maryland, performed a thorough search of files for potentially responsive records relating to the 2002 JD request and what had become lot 64 in section 15B of Ocean Pines. It was determined that any potentially responsive records in the District would be in the possession of Mr. Francis, that is to say he is the individual who knew where the files were located within the Regulatory Branch on the 8th floor of the Baltimore District's offices. Furthermore, because of his past involvement with the 2002 JD request and other actions in Ocean Pines, because he is the Regulatory Branch point of contact for matters in Worcester County, and Mr. Francis' representation that files on Ocean Pines had not been sent to closed storage, Mr. Francis was the only person in the District reasonably calculated to possess responsive records.

8. Because it was recalled that I had conversed with Mr. Urgo when I worked at HQUSACE, on January 3, 2008, I contacted Ms. Katherine Trott, the occupant of the workspace at HQUSACE and asked her to search files in the workspace to determine whether any potentially responsive records relating to my January 2007 conversations with Mr. Urgo or Mr. Francis could be located in files I had left in my workspace at HQUSACE. None were located. I also searched my personal e-mail folders from that time for "NAB" (which stands for "North Atlantic Division, Baltimore District") and no records were located responsive to the FOIA request.

9. In paragraph 27 of the Plaintiffs counterstatement of facts, Plaintiff attempts to generate an issue by contending that the Corps in its FOIA response of 4 January 2008 did not regurgitate the 21 page fax that Mr. Urgo sent to HQUSACE on January 18, 2007 (two days after Mr. Urgo made the FOIA request). All but one of the pages in that transmittal were in fact provided in the Corps' January 4, 2008 response, the only one missing from the Corps response is the cover page from Mr. Urgo dated January 18, 2007, which was no longer possessed by the Corps and is not responsive to the FOIA in any event.

10. Similarly, the documents Mr. Francis faxed to HQUSACE on January 22, 2007 were in the material consisting of 438 pages of documents and 19 oversized drawings from project files sent to Mr. Short's counsel on January 4, 2008.

11. The Corps of Engineers provided a thorough response to the FOIA request filed January 18, 2007, based upon the agency's reasonable reading of the request. To the extent that subsequent requests seek additional records, they are beyond the scope of the FOIA request.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on:  _4 September 2008_

_Margaret E. Gaffney Smith_

Margaret Gaffney-Smith,
Chief, Regulatory Branch
U.S. Army Corps of Engineers,
Baltimore District