UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                        )
JAMES R. SHORT,                         )
                                        )
            Plaintiff,                  )
                                        )
      v.                                ) Civil Action No. 07-2260 (RMC)
                                        )
UNITED STATES ARMY                      )
CORPS OF ENGINEERS                      )
                                        )
            Defendant.                  )
_____)


### DEFENDANT'S RESPONSE TO PLAINTIFF'S COUNTERSTATEMENT OF MATERIAL FACTS NOT IN DISPUTE

Plaintiff's Counterstatement contains several alleged facts devoid of any reference to the record in support of such facts as required by LCvR 7(h), alleged facts immaterial to this FOIA litigation, and inextricably intertwines argument and legal conclusions with alleged facts. The immaterial facts relate to Plaintiff's dissatisfaction with requirements of a Corps permit issued in 1995 for a section of Ocean Pines developed by the Plaintiff, and his efforts to develop one particular lot that he subdivided that is presently encumbered by a conservation easement.

1. Plaintiff fails to support these statements in accordance with LCvR 7(h) and alleges facts immaterial to this FOIA litigation. They are not disputed, except that according to the Maryland Department of Assessments and Taxation, Lot 64 of Parcel 68 in section 15B is owned by "Build Pines, L.L.C.", having been purchased in 2005 in a 'not arms-length' transaction from the Sanctuary of Ocean Pines. The Corps is presently without information to know the extent, if any there may be, of Mr. Short's ownership interest in "Build Pines L.L.C." (Defendant's Exhibit A, Declaration of Carl Jeffrey Lorenz at ¶ 10.) Additionally, Plaintiff James R. Short is

a real estate developer who has, since at least the 1990s, been involved in the development of Ocean Pines, a large residential community of approximately 3,500 acres in Worcester County Maryland.  Mr. Short's projects included development of section 15B of Ocean Pines.  Section 15B consists of approximately 101 acres, also known as "The Sanctuary" or "Whitetail Sanctuary."  Beginning in or about 1996, Sanctuary of Ocean Pines Limited Partnership subdivided and sold improved and unimproved lots of various sizes in Section 15B.  "Robert J. Short" was the President of Sanctuary at Ocean Pines, Inc., the general partner of Sanctuary of Ocean Pines Limited Partnership.  (Defendant's Exhibit B, Declaration of Mr. Woodson Francis at ¶¶ 13-14.)

2.    Plaintiff fails to support these statements in accordance with LCvR 7(h) and alleges facts immaterial to this FOIA litigation.  Ocean Pines is a community that has been developed in phases (sections), and because this property contains wetlands and other waters of the United States regulated by the Corps, permits have been obtained from the Corps as development activities have progressed in Ocean Pines.   In 1994, Ocean Pines L.L.C - Balfour Holdings, Inc. applied for a permit to develop approximately 605 acres in Ocean Pines.  Balfour's application proposed development without impacts to wetlands for purposes of building lots, but did have minimal impacts for infrastructure associated with the development (e.g. roads and utilities).  These development activities were to occur in seven "sections" of Ocean Pines.  One of these sections was section 15B.  It was recognized at the time that different developers would undertake the activities in these seven sections of the community, so when the permit process was underway it was decided that there would be an overall permit for the 605 acres (the "Balfour Permit"; CENAB-RS (Ocean Pines, L.L.C. – Balfour Holdings, Inc.)94-65634-1)), but

also issued seven permits that detail the particular authorizations and permit conditions for each

of the seven sections.  A material condition of the Balfour permit, and several of the section

permits, was the placement of a Declaration and Agreement of Easement (a Conservation

Easement) that encumbered certain portions of the sites.  One of these permits was for section

15B, CENAB-OP-RS(SECTION 15B)94-67271-1, issued on November 13, 1995.  As a part of

that permit process, a Jurisdictional Determination (JD) was issued for Section 15B, CENAB-

OP-RS (589 Corp./Balfour Holdings – Ocean Pines LLC - Section 15B)95-67666-1,on June 27,

1995 and was not challenged by the landowner.  This JD was on raw land, not subdivided lots.

(Defendant's Exhibit B, Declaration of Mr. Woodson Francis at ¶¶ 13-14.)

  3.  Disputed.  Plaintiff fails to support these statements in accordance with LCvR 7(h)

and alleges facts immaterial to this FOIA litigation.

  4.  Disputed.  These statements are unsupported in accordance with LCvR 7(h), allege

facts immaterial to this FOIA litigation, and consist of Plaintiff's legal conclusions and

argument.  5.  Disputed.  These statements are unsupported in accordance with LCvR 7(h),

allege facts immaterial to this FOIA litigation, and consist of Plaintiff's legal conclusions and

argument.

  6.  Disputed.  These statements are unsupported in accordance with LCvR 7(h), allege

facts immaterial to this FOIA litigation, and consist of Plaintiff's legal conclusions and

argument.

  7.  No dispute as to the first sentence of paragraph 7.  The remaining statements in

paragraph 7 are unsupported in accordance with LCvR 7(h), allege facts immaterial to this FOIA

litigation, and consist of Plaintiff's legal conclusions and argument.

8.   Disputed.  These statements are unsupported in accordance with LCvR 7(h), allege facts immaterial to this FOIA litigation, and consist of Plaintiff's legal conclusions and argument.

9.   Disputed.  These statements are unsupported in accordance with LCvR 7(h), allege facts immaterial to this FOIA litigation, and consist of Plaintiff's legal conclusions and argument.

10.   No dispute as to the first sentence of paragraph 10.  The remaining statement in paragraph 10 is unsupported in accordance with LCvR 7(h) and alleges facts immaterial to this FOIA litigation.

11.   With respect to Paragraph 11 of the Plaintiff Counterstatement, the Corps agrees that a FOIA request was made on January 16, 2007.  However, the Plaintiff has only partially quoted the text of the FOIA request, which is the best evidence of its contents.

12.   These statements are unsupported in accordance with LCvR 7(h), allege facts immaterial to this FOIA litigation, and consist of Plaintiff's legal conclusions and argument.

13.   There is no disagreement between the parties regarding these facts.

14.   Paragraph 14 of the counterstatement of facts refers to a letter sent to Mr. Jeff Lorenz on 14 February 2007.  The characterization that the Corps never responded to Plaintiff's counsel inquiry is inaccurate, because there was in fact a teleconference among Mr. Francis, Mr. Lorenz and Mr. Urgo on January 23, 2007.  In that conversation the Corps communicated to Mr. Urgo that Mr. Short already obtained a permit that allowed for development of Section 15B, that Mr. Short had a permit non-compliance issue because there was no indication that Exhibit H to the Declaration and Agreement of Easement was recorded for section 15B.  The Corps requested

4

Mr. Urgo provide a drawing showing where the easement was on Lot 64.   Neither in that
teleconference nor in the Feb 14, 2007 letter did Mr. Urgo communicate that he had made a
FOIA request, and in fact, Mr. Lorenz and Mr. Francis were unaware that a FOIA request had
been filed until January 2008.  (Defendant's Exhibit A, Declaration of Carl Jeffrey Lorenz at ¶ 4-
5.)

  15.  There is no dispute between the parties regarding these facts.

  16.  There is no dispute between the parties regarding these facts.

  17.  This paragraph consists of Plaintiff's argument and legal conclusions.

  18.  There is no dispute between the parties regarding these facts.

  19.  It is inaccurate to say that after April 2007 Mr. Short never again heard from anyone
in the Corps regarding his FOIA request, because it has obviously been the subject of
considerable discussion between the parties since the Corps learned in December 2007 that the
subject FOIA lawsuit was filed.  It is accurate that there was no communication between the
Corps and Mr. Short or his counsel between April 2007 and January 2008 regarding the FOIA
request.

  20.  Paragraph 20 of the Counterstatement contains statements that purport to define the
mental state of Mr. Short in filing the FOIA action.  To the extent that those are his personal
beliefs, the Defendant can offer no comment.  However, with respect to the request for the JD on
lot 64, and it would be inappropriate to characterize him as unaware of the rationale for the
Corps' position on development of the encumbered area. (Plaintiff's Exhibit 8)

  21.  There is no dispute between the parties regarding these facts.

  22.  There is no dispute between the parties regarding these facts, except the

characterization that Ms. Gaffney-Smith "promised action" on the JD application while she was employed in Washington, DC.

23. This paragraph consists of Plaintiff's argument and legal conclusions.

24. There is no dispute between the parties regarding these facts.

25. This paragraph, while containing excerpts of Defendant's previously filed declarations primarily consists of Plaintiff's arguments regarding the adequacy of the declaration and search.

26. This paragraph, while containing excerpts of Defendant's previously filed declarations primarily consists of Plaintiff's arguments regarding the adequacy of the declaration and search.

27. This paragraph, while containing excerpts of Defendant's previously filed declarations primarily consists of Plaintiff's arguments regarding the adequacy of the declaration and search.

28. This paragraph consists of Plaintiff's arguments regarding the adequacy of the declaration and search.

29. This paragraph, while containing excerpts of Defendant's previously filed declarations primarily consists of Plaintiff's arguments regarding the adequacy of the declaration and search.

30. This paragraph, while containing excerpts of Defendant's previously filed declarations primarily consists of Plaintiff's arguments regarding the adequacy of the declaration and search.

31. This paragraph, while containing excerpts of Defendant's previously filed

6

declarations primarily consists of Plaintiff's arguments regarding the adequacy of the declaration and search.

32.  This paragraph consists of Plaintiff's arguments regarding the adequacy of the declaration and search.

33.  This paragraph consists of Plaintiff's arguments regarding the adequacy of the declaration and search.

34.  Ms. Gaffney-Smith's declaration does not say the FOIA request was "found" when the Corps received the copy of the lawsuit.  (Plaintiff's Exhibit 10 at ¶ 3.)

35.  The responsive records were in the Baltimore District office files and all responsive records were produced, from not the most obvious place, but the only place that the responsive records were located.  (Defendant's Exhibit B, Declaration of Mr. Woodson Francis at ¶ 8.)

36.  This paragraph, while containing excerpts of Defendant's previously filed declarations primarily consists of Plaintiff's arguments regarding the adequacy of the declaration and search.

37.  This paragraph, while containing excerpts of Defendant's previously filed declarations primarily consists of Plaintiff's arguments regarding the adequacy of the declaration and search.

38.  This paragraph, while containing excerpts of Defendant's previously filed declarations primarily consists of Plaintiff's arguments regarding the adequacy of the declaration and search.

39.  This paragraph, while containing excerpts of Defendant's previously filed declarations primarily consists of Plaintiff's arguments regarding the adequacy of the declaration and search.

40.  This paragraph is argument, not facts.

41.  This paragraph is argument, not facts.

42.  Omitted from Plaintiff's paragraph 42 of the counter-statement of facts is any discussion of the responsive phone call that Mr. Lorenz placed to Mr. Urgo upon receipt of the letter complaining about the six categories of additional records.  In that call Mr. Lorenz stated that those six categories were beyond the scope of what had been requested in the FOIA request. In an effort to provide a timely written reply as well, Mr. Lorenz sent the letter that same day that said that all records possessed by the agency responsive to the January 16, 2007 had been provided.  (Defendant's Exhibit A, Declaration of Carl J. Lorenz at ¶ 15-16.)

43.  As indicated by Plaintiff's exhibit 15, the letter sent was part of ongoing settlement discussions and was not considered a renewal or expansion of the FOIA request.  (Defendant's Exhibit A, Declaration of Carl J. Lorenz at ¶ 17.)

44.  As indicated by Plaintiff's exhibit 15, the letter sent was part of ongoing settlement discussions and was not considered a renewal or expansion of the FOIA request.  (Defendant's Exhibit A, Declaration of Carl J. Lorenz at ¶ 17.)

Respectfully submitted,

_____/s/_____
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

_____/s/_____

RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

_____/s/_____

LANNY J. ACOSTA, JR.
Special Assistant United States Attorney
555  4th Street, N.W.
Washington, D.C.  20530
(202) 353-9895
Attorneys for Defendant

9