**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **JAMES R. SHORT,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**UNITED STATES ARMY CORPS OF ENGINEERS,**<br><br>**Defendant.** | **Civil Action No. 07-2260 (RMC)** |

## MEMORANDUM OPINION

James R. Short sought records from the U.S. Army Corps of Engineers (the "Army Corps" or "Corps") under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. The Army Corps released documents to Mr. Short and now moves for summary judgment. Mr. Short opposes, alleging that the search and the affidavits describing the search must be inadequate because he speculates that the Corps has other documents it did not release to him. As explained below, mere speculation is insufficient to rebut the declarations filed by the Corps. Summary judgment therefore will be granted in favor of the Army Corps.

## I. FACTS

Mr. Short's FOIA request arises from his frustration in attempting to change a wetlands designation on property he seeks to develop. Mr. Short is a real estate developer who is involved in developing Ocean Pines, a 3500 acre residential community in Worcester County, Maryland. In 1994, Ocean-Pines LLC - Balfour Holdings, Inc, applied for a permit to develop

various sections of Ocean Pines, including Section 15B. As part of the permit process, a conservation easement was placed on Section 15B and a Jurisdictional Determination[1] was issued for this Section. In 2002, Mr. Short filed an application with the Army Corps for a Jurisdictional Determination that certain features in Section 15B, including Lot 64, were not wetlands. Because the Corps failed to act on his application and he allegedly was unable to obtain information regarding the processing of the application,[2] on January 16, 2007, Mr. Short submitted a FOIA request for documents related to Lot 64 in Section 15B as follows:

> RE: JD Determination — Tracking No. 20036062
>
> Dear Mr. Fraer:
>
> Thank you for speaking with me today. As discussed, this is a request made pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, et seq., as amended.
>
> My firm represents Mr. James R. Short in connection with his joint application for a jurisdictional determination on a parcel of property located in Worchester [sic] County, Maryland. The JD application was first submitted to the U.S. Army Corps of Engineers by the Maryland Department of Environment on or about October 11, 2002. The JD application concerns a parcel located in Ocean Pines Section 15B, Lot 64, Tax Map 21, Parcel 68 (the "Parcel").[3]

---

[1] A Jurisdictional Determination is a "written Corps determination that a wetland and/or water body is subject to regulatory jurisdiction under Section 404 of the Clean Water Act." 33 C.F.R. § 331.2. Section 404 is codified at 33 U.S.C. § 1344.

[2] The record is unclear regarding the current status of the 2002 application for a Jurisdictional Determination, but this background information is not germane to the FOIA issue before this Court.

[3] While the letter referred to "James R. Short" and property in "Worchester County," the Corps interpreted the request for documents as referring to Robert J. Short, the Jurisdictional Determination applicant, and to his interest in property in Worcester County. Def.'s Reply, Ex. 1 ("Lorenz Decl.") ¶ 8. As of September 3, 2008, Lot 64 appers to have been owned by Build Pines, L.L.C. *Id.* ¶ 10. Mr. Short alleges that he owns lot 64. Pl.'s Counterstatement of Material Facts ("Pl.'s Facts") ¶ 1.

> We hereby request that you provide us with copies of all documents in the possession, custody or control of the Corps with respect to the Parcel, including but not limited to any and all wetlands delineations, conservation easements, correspondence generated by the Corps in response to the JD application, and any internal memorandum or other documents generated by the Corp in connection with the JD application.

Def.'s Mot. to Dismiss or for Summ. J. ("Def.'s Mot."), Ex. A ("Fraer Decl."), Ex. 2.

On February 1, 2007, Michael Fraer, the FOIA coordinator for the Corps' Baltimore District Regulatory Branch, wrote to Mr. Short indicating that a preliminary determination had been made to grant Mr. Short's FOIA request and Mr. Fraer forwarded the request to the Baltimore Branch. Fraer Decl., Ex. 2 & 3. The Baltimore Branch has custody and control over all regulatory permit matters for the State of Maryland, where Lot 64 is located, and thus the Baltimore Branch is the only location where the requested records could be located. *Id.* ¶ 9; Def.'s Statement of Material Facts Not in Dispute ¶ 3. The request was misplaced for some time, but the Corps was reminded when Mr. Short filed this lawsuit on December 17, 2007. Def.'s Mot., Ex. B ("Gaffney-Smith Decl.") ¶ 3. The Corps then conducted its search and on January 4, 2008, released 438 pages of documents and 19 oversize drawings. The Corps did not withhold or redact any documents. *Id.* ¶¶ 7-8.[4]

Mr. Short, through counsel, contacted the Corps charging that the Corps failed to produce certain documents. Pl.'s Facts, Ex. 13. In response, the Corps informed Mr. Short that all

---

[4] Mr. Short complains that Ms. Gaffney-Smith did not conduct the FOIA search herself and that her affidavit is not based on personal knowledge. However, in FOIA litigation the affidavit of one who supervised a search for records is sufficient. *SafeCard Servs., Inc. v. SEC*, 926 F.2d 1197, 1201 (D.C. Cir. 1991); *Meeropol v. Meese*, 790 F.2d 942, 951 (D.C. Cir. 1986). Further, as discussed in detail below, the Army Corps submitted the Declaration of Mr. Woodson Francis, Jr., the keeper of the relevant records who actually conducted the record search. Def.'s Reply, Ex. 2.

records possessed by the agency responsive to his request had been provided. Lorenz Decl. ¶¶ 15 & 16. The parties have filed cross motions for summary judgment.[5]

## II. STANDARD OF REVIEW

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment must be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). Moreover, summary judgment is properly granted against a party who "after adequate time for discovery and upon motion . . . fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In ruling on a motion for summary judgment, the court must draw all justifiable inferences in the nonmoving party's favor and accept the nonmoving party's evidence as true. *Anderson*, 477 U.S. at 255. A nonmoving party, however, must establish more than "the mere existence of a scintilla of evidence" in support of its position. *Id.* at 252.

FOIA cases are typically and appropriately decided on motions for summary judgment. *Miscavige v. IRS*, 2 F.3d 366, 368 (11th Cir. 1993); *Rushford v. Civiletti*, 485 F. Supp. 477, 481 n.13 (D.D.C. 1980). In a FOIA case, a court may award summary judgment solely on the basis of information provided by the agency in declarations when the declarations describe "the

---

[5] The Army Corps moved in the alternative to dismiss as moot because it had released all relevant documents. Because Mr. Short challenges the adequacy of the search, the motion to dismiss as moot must be denied. Accordingly, this Opinion focuses on the parties' cross motions for summary judgment.

documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981).

## III. ANALYSIS

FOIA requires agencies of the federal government to release records to the public upon request, unless one of nine statutory exemptions applies. *See NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 136 (1975); 5 U.S.C. § 552(b). To prevail in a FOIA case, the plaintiff must show that an agency has (1) improperly (2) withheld (3) agency records. *United States Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 142 (1989).

The adequacy of a search is measured by a standard of reasonableness and depends on the individual circumstances of each case. *Truitt v. Dep't of State*, 897 F.2d 540, 542 (D.C. Cir. 1990). The question is not whether other responsive documents may exist, but whether the search itself was adequate. *Steinberg v. Dep't of Justice*, 23 F.3d 548, 551 (D.C. Cir. 1994). Before it can obtain summary judgment in a FOIA case, "an agency must show, viewing the facts in the light most favorable to the requester, that . . . [it] has conducted a search reasonably calculated to uncover all relevant documents." *Id.* There is no requirement that an agency search every record system, but the agency must conduct a good faith, reasonable search of those systems of records likely to possess the requested information. *Oglesby v. Dep't of Army*, 920 F.2d 57, 68 (D.C. Cir. 1990). Once an agency has provided adequate affidavits, the burden shifts back to the plaintiff to demonstrate a lack of a good faith search. *Maynard v. CIA*, 986 F.2d 547, 560 (1st Cir. 1993).

An agency may prove the reasonableness of its search via the declaration of

responsible agency officials, so long as the declaration is reasonably detailed and not controverted by contrary evidence or evidence of bad faith. *Military Audit Project*, 656 F.2d at 738. The Army Corps filed the detailed declaration of Woodson Francis, Jr., describing the document search. Def.'s Reply, Ex. 2 ("Francis Decl."). Mr. Francis is a Regulatory Project Manager and Biologist for the Army Corps in the Baltimore District in charge of activities related to Ocean Pines in Worcester County. Francis Decl. ¶¶ 1 & 2. His duties include jurisdictional determinations and permitting, and he files the records related to the development of Ocean Pines. *Id.* ¶ 3. Mr. Francis indicates in his Declaration, "[s]ince I was the employee [who] had filed the records associated with efforts to effect the build-out of Ocean Pines . . . I knew without question where to look for records that were potentially responsive to the FOIA [request]." *Id.* ¶ 5. Mr. Francis searched for responsive records among his hard files "because all records are included there." *Id.* ¶ 8. He also searched emails. If he receives emails or electronic submissions, he routinely prints them and places them in the hard files. *Id.* He originally did not search the information technology system used by the Army Corps because it did not exist at the time of the 2002 application for Jurisdictional Determination and because anything there would be duplicative of the hard file. *Id.* ¶ 9. In an abundance of caution, however, Mr. Francis later searched this system and its predecessor system; these searches produced no new records. *Id.* Mr. Francis then repeated the search of his hard files, emails, archived emails, and electronic files. He found 5 more pages of emails and 27 digital photos which were released to Mr. Short. *Id.* ¶ 10. Mr. Francis searched the terms "Short" and "Section 15B Ocean Pines." He also searched "Pending Actions" using his own name as a filter because he would have made any entry related to Ocean Pines. *Id.* ¶ 11. In sum, the Declaration of Mr. Francis describes a more than adequate search for records by the record-keeper himself.

Mr. Short speculates that the search was not adequate because the Corps failed to produce certain documents. On January 18, 2008, Mr. Short's attorney wrote a letter to the Army Corps listing six categories of records that had not been provided:

> 1. Permit application for Permit No. CENAB-OP-RS(SECTION 15B) 94-67271-1;
>
> 2. Permit application for Permit No. CENAB-OP-RS(OCEAN PINES L.L.C. - BALFOUR HOLDINGS INC.) 94-65634-1;
>
> 3. All easements and/or covenants concerning tidal and/or non-tidal wetlands that were accepted by the Corps on October 12, 1995 - as identified at paragraph 13 of permit no. CENAB-OP-RS(SECTION 15B) 94-67271-1;
>
> 4. All exhibits designated as Exhibit "H" of the November 2, 1995 Declaration and Agreement of Easement between Ocean Pines, L.L.C. and Ocean Pines Association (the "Easement");
>
> 5. State of Maryland Nontidal Wetlands and Waterways Permit No. 199465634 identified at paragraph 3 of the Easement;
>
> 6. All wetland delineation reports, including but not limited to all figures, aerial photographs, maps, soil and plant surveys and field notes used in preparation of Exhibit G – Section 15B Boundary Survey and Wetlands Location dated October 1993 and prepared by Atlantic Consulting.

Pl.'s Facts, Ex. 13.

Counsel for the Corps indicated that it had provided all responsive records, that the additional items were beyond the scope of the original request, and that the Corps would not have 13-year-old permit applications (those from 1995 and earlier) in its possession anymore. Lorenz Decl. ¶¶ 15 & 16; *see also* Pl.'s Facts, Ex. 14. Mr. Short's speculation that the Army Corps maintains other documents in its records that were not released to him is insufficient to rebut the

presumption of good faith accorded the Declarations of Mr. Francis and Mr. Lorenz.[6] An agency's declarations are accorded "a presumption of good faith, which cannot be rebutted by purely speculative claims about the existence and discoverability of other documents." *SafeCard Servs. v. SEC*, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (internal citation and quotation omitted). Further, an agency is not required to undertake a search that is so broad as to be unduly burdensome. *Nation Magazine v. U.S. Customs Serv.,* 71 F.3d 885, 890 (D.C. Cir. 2003). "[I]t is the requester's responsibility to frame requests with sufficient particularity to ensure that searches are not unreasonably burdensome . . . [because] FOIA was not intended to reduce government agencies to full-time investigators on behalf of requesters." *Judicial Watch, Inc. v. Export-Import Bank,* 108 F. Supp. 2d 19, 27 (D.D.C. 2000) (quotation and citation omitted). Moreover, an agency is "not obligated to look beyond the four corners of the request for leads to the location of responsive documents." *Kowalczyk v. Dep't. of Justice,* 73 F.3d 386, 389 (D.C. Cir. 1996).

In sum, the Declaration of Mr. Francis reveals a search reasonably calculated to uncover all relevant documents in response to Plaintiff's FOIA request. *See Steinberg*, 23 F.3d at 551. Mr. Short has cited no contrary evidence. Nor has he submitted evidence of bad faith. Because the Corps has shown that it conducted an adequate search, its motion for summary judgment will be granted, and Mr. Short's cross motion will be denied.

---

[6] Because he had not received copies of documents from 1995 and earlier, on January 24, 2008, Mr. Short requested a copy of the Army Corps' document retention policy. Mr. Short's January 2007 FOIA request did not seek the document retention policy, and that request is not part of this litigation.

## IV. CONCLUSION

For the foregoing reasons, the motion for summary judgment filed by the U.S. Army Corps of Engineers [Dkt. # 7] will be granted, and Mr. Short's motion for summary judgment [Dkt. # 11] will be denied. A memorializing order accompanies this Memorandum Opinion.

Date: January 6, 2009

__________/s/______________________________
ROSEMARY M. COLLYER
United States District Judge